**ADDYSTON VILLAGE SCHOOL DIST. BD. OF EDUCATION, Appellant, v. NOLTE-TILLAR BROS. CONSTRUCTION CO. et al., Appellees.**

Ohio Appeals, First District, Hamilton County

No. 6685—Decided November 25, 1946

John J. Cooney and Roy L. Struble, Cincinnati, for Appellant.

Frances T. Bartlett and A. A. Rendigs, Jr., Cincinnati, for Appellees.

## OPINION

By MATTHEWS, J.

This is the second appearance of this case upon the docket of this court. The first appeal was from an order of the Common Pleas Court overruling a motion of the defendants for a judgment notwithstanding the verdict. The defendants had also filed a motion for a new trial which the court had granted and so at the time this court heard the appeal the case stood upon the docket of the trial court for trial of the issues raised by the pleadings. By the appeal, the defendants sought to avoid the new trial, their claim being that on the record made at the trial they were entitled to judgment and, therefore, the court had erred in overruling their motion for judgment. This Court held against them on that issue and affirmed the action of the trial court in overruling their motion for judgment. The order of the trial court granting a new trial was not involved in that appeal excepting that had this court reversed the order of the trial court in overruling the defendant's motion for judgment it would have resulted in a final judgment for defendants, which would have nullified the order granting the new trial. The order of the trial court granting the new trial was in general terms, specifying no ground therefor, and the judgment of this court on the appeal was equally general, reciting only that the record showed no prejudicial error, and remanded the cause without any direction as to the course to be pursued on the new trial. The opinion of this court on the first appeal is reported in 71 Oh Ap 469.

The record before this court on that appeal showed that the case had gone to trial upon an amended petition and the defendants' answers thereto.

In the amended petition, the plaintiff alleged that it had entered into a written contract with the defendant, Nolte Tillar Bros. Construction Company, whereby Nolte Tillar Bros.

Construction Company agreed "to provide all materials and perform all labor for the construction and completion of a public school building in Addyston, Ohio, in accordance with certain duly adopted plans and specifications," and that the defendant, the New Amsterdam Casualty Company guaranteed the faithful performance of the contract by Nolte Tillar Bros. Construction Company.

It is alleged that Nolte Tillar Bros. Construction Company did construct the building, but that it violated the contract by failing "to construct mortar joints in outside brick walls with well mixed and tempered materials and failed to lay bricks in full beds of mortar with joints completely filled and slushed with mortar and failed to construct said walls in a substantial and permanent manner as provided for in said contract and specifications." It was also alleged that it failed to construct the roof "as provided for in said specifications" and as a result the roof leaked.

It will be observed that there is no direct allegation of the terms of the contract and only by inferring from the allegations of the respects in which the contract was broken can any of the terms of the contract be discovered.

It will also be observed that no reference was made to any provision for arbitration.

The answer of the defendants admitted the execution of the contract and the construction of the building and then denied the breach of the contract alleged by the plaintiff.

It was upon these pleadings that the trial proceeded, which resulted in a verdict for the plaintiff, the record of which was under review in the first appeal to this court.

The sole issue raised by the first appeal was whether this Court could say that, in view of these pleadings and the record of the trial thereon, the defendants were in a position to assert error in overruling their motion for judgment. At most we are concerned now with the extent, if any, to which the course of the second trial was required to conform to the pronouncements on the first appeal.

So far as the record showed, neither of the parties had based any claim upon the provision for arbitration, although the written contract introduced in evidence contained that provision. Failure to comply with the arbitration provision was advanced for the first time on appeal as a reason for invalidating the order of the court overruling the motion for judgment.

Reference to the opinion of this court will show that the waiver by the defendants of their right to arbitration was based on their action in answering and proceeding to trial

without asserting whatever rights they might have under the contract or statute. And it was this state of the record that caused this court to affirm the action of the trial court in overruling the motion for judgment. The cases cited in support of our conclusion make it clear that it was the attitude of this coourt upon review of the action of the trial court under review that was under consideration and not the actions of the parties at the second trial that we were attempting to anticipate and control. The case pends for retrial and, of course, the record of that trial is still to be made. Should an appeal be taken from the judgment there rendered, the same principle will be applied thereto as was applied to the record of the first trial.

Whatever remains of the doctrine of "the law of the case" after the overruling of the case of **Gohman v. City of St. Bernard, 111 Oh St, 726,** by the case of **New York Life Insurance Co. v. Hosbrook, 130 Oh St, 101,** it is clear that it can have no application to a case where the rule announced by the appellate court was for its own guidance in the consideration of the record on the appeal and not for the guidance of the trial court upon a retrial that had already been granted, at which other issues raised by amended pleadings might be presented.

After this Court had affirmed the action of the trial court in overruling the defendants' motion for judgment, the defendants sought and obtained leave to amend their answers by alleging as an additional defense that they had under the contract the right to have the dispute settled by arbitration in the manner set forth in the contract, and applied for a stay of trial to permit arbitration.

By way of avoidance, the plaintiff replied that this Court had on appeal held that the defendants had waived any right to have the dispute submitted to arbitration.

On motion of the defendants, the court struck all the allegations relating to the waiver based on the ruling of this court, and the plaintiff not desiring to plead further, the court ordered a stay of the trial until the contractual provisions for arbitration had been complied with. It is from that order that this second notice of appeal has been given.

The case comes before the court upon the defendants' motion to dismiss, on the ground that the order is not final and, therefore, cannot be the basis for an appeal.

On this motion, we consider only whether the order is one from which an appeal may be taken and not whether the court was right or wrong in making it.

It is clear that the effect of the order is to postpone the trial indefinitely until such time as the parties have arbi-

trated the dispute or until the failure or refusal of the parties to arbitrate causes the court on motion of one of the parties or upon its own motion to proceed in accordance with the statutes relating to arbitration or other laws until the cause was merged in a final judgment. What course the trial would take after arbitration cannot be determined from the record.

By §12223-2 GC, a final order is defined as "An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment," etc.

Now does this order determine the action and prevent a judgment? We think not. It amounts to no more than a postponement of the trial. It does not prevent the plaintiff from refusing to comply with the order of the court to arbitrate the dispute. The only consequence of such refusal would be the entering of a judgment for the defendants, which would be a final order, on appeal from which the validity of the stay and order to arbitrate would be presented.

In 2 Am. Jur., 915, it is said:

"An order requiring the parties to a pending action to proceed to arbitration and to stay trial of the action pending the filing of the award is not a final judgment for purposes of appeal. Nor is an order denying a stay of the action until arbitration can be had in accordance with the terms of the contract on which the action is based appealable."

The case of Schoenamagruber v. Hamberg American Lines, 294 U. S. 454, is cited in support of that statement and an examination of the case discloses that the facts and the United States Statutes relating to arbitration are closely analogous to the facts in this case and the Ohio statutes relating to arbitration.

Our conclusion is that the order from which the appeal has been attempted is interlocutory and not final and is, therefore, not appealable.

For these reasons, the motion to dismiss the appeal is granted.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ., concur in syllabus, opinion and judgment.