MARIE C. BARDES ET AL. *v.* ZONING BOARD OF THE CITY OF STAMFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued April 6—decided June 1, 1954

*Maurice J. Buckley,* with whom were *Louis J. Iacovo* and, on the brief, *Joseph T. McCue,* for the appellants (plaintiffs).

*John M. Hanrahan,* with whom was *Thomas N. Wynne,* for the appellees (defendants).

WYNNE, J. On December 18, 1952, the named defendant granted a change of zone of certain land in Stamford comprising five and a fraction acres. The three plaintiffs, all taxpayers owning real estate in the immediate vicinity, appealed from the action of the board to the Court of Common Pleas. Their appeal was dismissed, and from the judgment rendered thereon they have appealed to this court.

In the brief filed by the defendants in this court, the claim was made for the first time that there was no statutory authority for an appeal from the action of the Stamford zoning board. It would therefore follow that if the claim is sound the Court of Common Pleas was without jurisdiction to entertain the appeal and this court is without jurisdiction in the premises. Whenever the absence of jurisdiction is brought to the notice of a court, cognizance of the fact must be taken and the matter determined before it can move a further step in the case. *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411. An examination of the provisions of the Stamford charter concerning zoning fails to reveal any authorization for an appeal to the courts from decisions of the zoning board at the time this appeal was taken. Nor can we find any general statute providing for such an appeal. Zoning existed in Stamford by virtue of chapter 55 of the Stamford charter. 25 Spec. Laws 444. An appeal has now been provided for by an amendment to the charter. 26 Spec. Laws 1238, § 556.

Appeals to the courts from administrative officers or boards exist only under statutory authority. *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172. This court is without jurisdiction, as was the Court of Common Pleas, although the point was not raised in that court. Judgment should have been

rendered dismissing the appeal on the ground of lack of jurisdiction.

There is error in the form of the judgment, it is set aside and the court is directed to render judgment dismissing the appeal for lack of jurisdiction.

In this opinion the other judges concurred.