LANDIS GORES *v.* RICHARD L. ROSENTHAL

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 3—decided March 28, 1961

*David S. Maclay,* for the appellant (plaintiff).

*Francis J. McNamara, Jr.,* with whom, on the brief, were *Walter B. Lockwood* and *Clifford R. Oviatt, Jr.,* for the appellee (defendant).

SHEA, J. In his complaint, the plaintiff alleged that on or about March 26, 1953, the defendant requested the plaintiff to perform certain architectural work, that the plaintiff rendered the services, and that the defendant has failed to pay for them although requested so to do. After some intermediate pleadings, the defendant filed an amended answer in which he denied the truth of the matters contained in the complaint. He also filed a counterclaim asserting that the only contract in existence between the parties was in writing, that it was dated October 23, 1952, and that it contained a clause providing that any controversy or claim arising out of or related to the contract should be settled by arbitration. In the counterclaim, he requested the court to order the parties to proceed with arbitration under the written contract and to stay the action pending the arbitration. The plaintiff filed a motion to expunge the counterclaim. The motion was denied. Thereafter, on March 20, 1959, the plaintiff filed a reply admitting the execution of a

written contract on October 23, 1952, but denying that it had any relevance to the action.

On March 25, 1959, the plaintiff instituted in the Superior Court a new and independent proceeding requesting an order directing the defendant to proceed with arbitration of the plaintiff's claim for a balance due by reason of services rendered before April, 1953, under the written contract of October 23, 1952. In the new proceeding, the defendant, by his answer, asserted that he was willing to arbitrate and requested the court to enter an order directing arbitration of any controversy or claim arising out of or relating to the contract or any breach thereof. At the same time, acting under General Statutes § 52-409, he filed, in the present action, a motion to stay the proceedings, claiming, in effect, that the question whether the services rendered after April 1, 1953, were under the 1952 written contract was an issue common to both cases and that all further proceedings in the present action should be stayed until the claim under the written contract was arbitrated. The court granted the motion pending the determination of the proceedings in the second case. The decision was based upon § 52-409 and the inherent power of the court to regulate proceedings before it. The plaintiff has appealed from the order. He also claims that the court erred in denying the motion to expunge the counterclaim.

In this court, the defendant filed a motion to dismiss the appeal on the ground that the stay was not a final judgment from which an appeal could be taken. We denied the motion without memorandum. The basis for our denial was that the motion presented a substantial question which could more properly be determined in connection with our consideration of the record on the appeal. We are now

satisfied that the granting of the stay was not an appealable decision. Lack of jurisdiction to hear an appeal requires its dismissal whenever and however the defect comes to our attention. *Gimbel* v. *Gimbel,* 147 Conn. 561, 566, 163 A.2d 451; *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160; *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847.

Under the circumstances of this case, an appeal lies only from a final judgment. General Statutes § 52-263; *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381; *France* v. *Munson,* 123 Conn. 102, 109, 192 A. 706. The test whether a judgment is "final," in the sense that an appeal may be taken from it, lies not in its nature, for the case may still remain in the trial court for further proceedings, but in its effect as concluding the rights of some or all of the parties. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838. If such rights are concluded so that further proceedings after the entry of the judgment cannot affect them, then the judgment is "final" and may be made the basis of an appeal. Ibid.; *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476. An order staying proceedings does not terminate the action but merely postpones its disposition. It may be modified or vacated by the court whenever, in the exercise of a sound discretion, it is considered necessary or proper to do so. 1 C.J.S. 1417. It is an interlocutory order. *Baltimore Contractors, Inc.* v. *Bodinger,* 348 U.S. 176, 179, 75 S. Ct. 249, 99 L. Ed. 233; *Schoenamsgruber* v. *Hamburg American Line,* 294 U.S. 454, 456, 55 S. Ct. 475, 79 L. Ed. 989; *Board of Education* v. *Nolte-Tillar Bros. Construction Co.,* 79 Ohio App. 193, 198, 71 N.E.2d 311. The plaintiff, therefore, has attempted to appeal

from an interlocutory order. There was no final judgment and this court has no jurisdiction of the appeal. *France* v. *Munson,* supra; *Russell Lumber Co.* v. *J. E. Smith & Co.,* 82 Conn. 517, 74 A. 949. If the trial court committed reversible error in the order which it made, that error can be reviewed only on an appeal from the final judgment rendered in the case. *State* v. *Kemp,* 124 Conn. 639, 643, 1 A.2d 761; Maltbie, Conn. App. Proc. § 10.

The appeal from the denial of the motion to expunge the counterclaim must fail for the same reason. The plaintiff, to support his claim that the denial of this motion is an appealable judgment, cites *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 709 n., 125 A.2d 488. In that case, the expunging of the counterclaims put the defendants out of court as to the claims alleged therein. The case is clearly distinguishable from the present one, where the action of the court did not finally dispose of any issue before it. We also point out that, even if the denial of the motion had been a final judgment, the appeal from it was not taken until long after the time to appeal had expired. Practice Book § 378.

The appeal is dismissed.

In this opinion KING, MURPHY and MELLITZ, Js., concurred.

BALDWIN, C. J. (dissenting). I agree with the disposition the majority make of the appeal as it concerns the denial of the motion to expunge. I disagree with the view of the majority that the order granting the stay is not appealable. The order, in effect, deprives the plaintiff of the right to a trial to the court or jury, as he may choose, on the issue whether a request made by the defendant on March 26, 1953, for the performance of architec-

tural work and the plaintiff's performance in reliance upon that request constitute an agreement separate and distinct from the written contract of October 23, 1952. Whether this issue is within the arbitration clause which is contained in the contract of October 23, 1952, depends on an interpretation of that arbitration clause. The defendant set it out in his answer. The question thus posed is one of law for the court. *Colt's Industrial Union* v. *Colt's Mfg. Co.*, 137 Conn. 305, 307, 77 A.2d 301; *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union*, 139 Conn. 591, 595, 96 A.2d 209. It could readily be decided in the present action. By reason of the stay and the injection of the issue of arbitrability into the second case, the plaintiff is finally deprived of a valuable right which, under the present state of the pleadings in the second case, he cannot assert. The order granting the stay is a final judgment and appealable.