BELLAIRE CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.* PAXTON ET AL., APPELLEES.
MID-STATES ELECTRIC, INC., APPELLEE, *v.* MOSSER CONSTRUCTION, INC., APPELLEE; CITY OF YOUNGSTOWN, BOARD OF CONTROL, ET AL., APPELLANTS.

[Cite as Board of Edn. v. Paxton (1979), 59 Ohio St. 2d 65.]

(Nos. 78-856 and 78-893—Decided July 18, 1979.)

*Messrs, Malik, Malik & Knapp, Mr. Charles F. Knapp* and *Mr. Daniel L. Frizzi, Jr.,* for appellant Bellaire City Schools Bd. of Edn. in case No. 78-856.

*Messrs. Thomas & Thomas* and *Mr. Harold B. Thomas,* for appellee Mansuetto Roofing Co. in case No. 78-856.

*Messrs. Roth & Stephens, Mr. Jerry O. Stephens, Mr. Richard B. Blair, Messrs. Walstad & Asselin, Mr. Thomas H. Asselin* and *Mr. Joseph H. Kasimer,* for appellee Mid-States Electric Co. in case No. 78-893.

*Messrs. Arter & Hadden, Mr. Hugh M. Stanley* and *Mr. John A. Jenkins,* for appellee Mosser Construction Co. in case No. 78-893.

*Messrs. Harrington, Huxley & Smith, Mr. William C.*

*Ramage* and *Mr. Eldon S. Wright,* for appellant Youngstown Hospital Assn. in case No. 78-893.

*Mr. William. R. Copperman,* for appellant City of Youngstown in case No. 78-893.

CONNORS, J. The critical issue raised in the two appeals before us can be phrased as follows: Is an order of a trial court, pursuant to R. C. 2711.02* *et seq.,* staying further proceedings in a pending action, and ordering parties who have contracted to do so to submit to arbitration, a final appealable order as defined in R. C. 2505.02?

The jurisdiction of the Court of Appeals can be no more extensive in matters involving non-original jurisdiction, than the grant set forth in Section 3(B)(2), Article 1V of the Ohio Constitution, which limits it to "* * * such jurisdiction as may be provided by law to review and affirm, modify or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."

An appealable order is defined in R. C. 2505.02 as follows:

"An order affecting a substantial right in an action which *in effect determines the action and prevents a judgment,* an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.)

In *Pewter Mug* v. *M. U. G. Enterprises, Inc.* (1975), 46 Ohio App. 2d 93, 94, the Court of Appeals for Franklin County enumerated the requirements to establish an ap-

---

*R. C. 2711.02 reads:

"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

pealable order pursuant to R. C. 2505.02, as follows:

"If * * * [the trial court's order] lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such."

Numerous jurisdictions have held that if a court has retained jurisdiction over the parties, even though all issues have been referred to arbitration, the court's order to arbitrate and its stay of trial are final and appealable only after judgment is entered on the arbitration award. The rationale appears to be a compelling desire to avoid interlocutory appeals and a strong policy in favor of prompt resolution of disputes in accordance with written contractual arbitration clauses. See *Schoenamsgruber* v. *Hamburg American Line* (1935), 294 U. S. 454; *Harris* v. *State Farm Mut. Automobile Ins. Co.* (Fla. App. 1973), 283 So. 2d 147; *Teufel Construction Co.* v. *American Arbitration Assn.* (1970), 3 Wash. App. 24, 472 P. 2d 572; *Roeder* v. *Huish* (1970), 105 Ariz. 508, 467 P. 2d 902; *Standard Chlorine of Delaware* v. *Leonard* (C. A. 2, 1967), 384 F. 2d 304. This court has, likewise, long favored enforcement of written arbitration clauses and the avoidance of interlocutory appeals. See *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127; *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321; *Squire* v. *Guardian Trust Co.* (1946), 147 Ohio St. 1; *Springfield* v. *Walker* (1885), 42 Ohio St. 543.

We endorse the policy in favor of enforcing arbitration contracts to promote speed and efficiency and to lessen the burdens on the court system. To allow an immediate appeal from every order enforcing an arbitration clause would clearly defeat these policies. Moreover, the objective of prompt and orderly disposition of cases through the prohibition of interlocutory appeals would also be defeated if one could immediately appeal the order to arbitrate, then later appeal the arbitration order and any judgment remaining from the trial court.

In an analogous context this court reiterated the pol-

icy of limiting judicial intervention into the contractually agreed upon arbitration process in *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, certiorari denied, 423 U. S. 986. In that decision the court held that the scope of judicial review of arbitration awards was limited to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority. To sanction a more extensive intrusion into the workings of the arbitration machinery "would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements." *Id.*, at page 520.

The Courts of Appeals in this state also appear to be in general agreement with the foregoing policy supporting the interlocutory nature of such orders. The Court of Appeals for Hamilton County, in *Board of Education* v. *Nolte-Tillar Bros. Construction Co.* (1946), 79 Ohio App. 193, citing with approval *Schoenamsgruber* v. *Hamburg-American Line, supra,* held that an order to stay trial pending arbitration of issues contractually committed to arbitration is not a final order since it does not determine the action or prevent a judgment. As the court indicated, at page 198, "It amounts to no more than a postponement of the trial."

In *Systems Contruction, Inc.,* v. *Worthington Forest, supra,* the Court of Appeals for Franklin County held that where *all* the issues are submitted to arbitration, the order is final since no effective judgment could be rendered in the trial court predicated upon the pleadings. Besides citing *Nolte-Tillar, supra,* for the proposition that an order staying trial pending completion of arbitration is not a final appealable order, the court noted, at page 97:

"An order staying proceedings in a pending action and ordering that part of the issues raised be submitted to arbitration may well be interlocutory and not appealable, since there will eventually be a judgment upon the remaining issues."

Moreover, *Systems Construction* also cites *Pewler*

*Mug* v. *M. U. G. Enterprises, supra,* decided less than a month before by a different panel of judges of the Court of Appeals for Franklin County. That decision also cites *Nolte-Tillar, supra,* approvingly and holds that an order denying a stay of proceedings pending arbitration is not a final appealable order.

In the causes *sub judice,* all the issues pertaining to all the parties before the trial courts have not been disposed of. No judgments have been rendered for or against any of the parties and the lower courts have retained jurisdiction over all concerned.

The orders issued pursuant to R. C. 2711.02 will dissolve in accordance with the terms of the statute upon the conclusion of the arbitration, whereupon the remaining issues pending may be determined by a trial or otherwise. Likewise, a dissatisfied party can always seek either modification or vacation of the arbitration award pursuant to R. C. 2711.10 or 2711.11.

In conclusion, since the records before us indicate that the judgment entries of the trial courts, "in effect," neither determined the respective actions nor prevented judgments from eventually being entered, they do not fall within the definition of a final appealable order expressed in R. C. 2505.02.

Accordingly, in case No. 78-856, the dismissal of Bellaire's appeal by the Court of Appeals for Belmont County is affirmed.

In case No. 78-893, the dismissal of the appeal of the Hospital and the City by the Court of Appeals for Mahoning County is affirmed.

*Judgments affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, PRYATEL and HOLMES, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting for P. BROWN, J.

PRYATEL, J., of the Eighth Appellate District, sitting for LOCHER, J.