**MYERS**

v.

**TERMINIX INTERNATIONAL COMPANY et al.** ∎

Court of Common Pleas of Ohio,
Lucas County.

No. CI97–1797.

Decided Jan. 27, 1998.

**42**

---

*Bish, Lowe & Roth, Ltd.* and *Charles C. Butler,* for plaintiff.

*Montgomery, Rennie & Jonson, Kelly Carbetta Scandy* and *Matthew Stubbs,* for defendants.

CHARLES J. DONEGHY, Judge.

This consumer sales case is before the court on the defendants'[1] motion to stay this action pending arbitration and on the plaintiff's motion for partial summary judgment. Upon review of the pleadings, evidence, memoranda of the parties, and applicable law, the court finds that the defendants' motion should be denied and the plaintiff's motion should be granted.

## I. FACTS

On or about September 8, 1993, the plaintiff, Judy Myers, and defendant Terminix International Company ("Terminix") entered into a contract that was captioned "Termite Service Plan" ("the contract"). The main purpose of the contract was for Terminix to inspect for and eradicate termites that were parasitically living in Myers's home. Myers agreed to pay Terminix over $1,300 on the contract. Myers and Terminix subsequently entered into one or more annual "renewal" contracts that provided for further inspections and insecticide treatments if necessary. Myers agreed to pay $85 for each renewal. At paragraph 10, on the backside of the one-page contract, the document provided for the arbitration of disputes between the parties. In relevant part, the contract's arbitration clause reads as follows:

"10. ARBITRATION. The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. * * *"

Myers became dissatisfied with Terminix's service when termites reinfested her home and allegedly caused significant damage. She contends that the termites caused more than $41,000 in damage to her home.

On January 22, 1997, Myers brought this action alleging that the defendants (1) breached the contract (count I); (2) violated provisions of the Ohio Consumer Sales Practices Act, R.C. Chapter 1345 (count II); (3) negligently, recklessly, and intentionally breached duties to exercise reasonable care to provide goods and services under the contract (count III); (4) breached warranties, representations, guarantees, and/or promises owed and/or made to Myers (count IV); (5) are legally and equitably estopped from denying representations made to Myers (count V); and (6) placed limits on the remedies allowed in the contract and upon

---

1. The defendants in this case are Terminix International Company and two of its agents, Sam Scamardo and Eugene Gauthreaux, Jr.

warranties, guarantees, and damages that are unconscionable and unenforceable (count VI).

Pursuant to R.C. Chapter 2711 ("the Ohio Arbitration Act") and Section 2, Title 9, U.S.Code ("the Federal Arbitration Act"), the defendants seek to stay this action and to compel arbitration. Myers opposes the defendants' motion and seeks a partial summary judgment declaring that the arbitration clause is void and unenforceable.

## II. STANDARDS OF REVIEW

### A. SUMMARY JUDGMENT STANDARD

The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio stated the requirements that must be met before a Civ.R. 56 motion for summary judgment can be granted:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."

### B. MOTION TO STAY ACTION PENDING ARBITRATION

Both federal and Ohio public policy favor and encourage resolution of disputes through arbitration. *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1, 11–12; *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded* (1994), 71 Ohio St.3d 15, 17, 641 N.E.2d 180, 181–182. Many provisions of the Federal and the Ohio Arbitration Acts are similar. The relevant portion of the Federal Arbitration Act, at Section 2, Title 9, U.S.Code, reads as follows:

"A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable,

and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract."* (Emphasis added.)

The United States Supreme Court has interpreted this statute as requiring federal and state courts to stay actions addressing claims involving arbitration clauses until arbitration of the disputes is completed. See *Southland Corp.,* 465 U.S. at 16–17, 104 S.Ct. at 861–862, 79 L.Ed.2d at 15–16.

The relevant portion of the Ohio Arbitration Act, at R.C. 2711.01, provides as follows:

"A provision in any written contract [providing for arbitration of a dispute] shall be valid, irrevocable, and enforceable, *except upon grounds that exist at law or in equity for the revocation of any contract."* (Emphasis added.)

R.C. 2711.02 provides for a stay of court actions pending arbitration. *Bellaire Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021, syllabus. Thus, according to both the Federal and the Ohio Arbitration Acts, courts must enforce an arbitration clause unless the arbitration clause could be revoked upon grounds as exist at law or in equity for the revocation of any contract. *Doctor's Assoc., Inc. v. Casarotto* (1996), 517 U.S. 681, 684–686, 116 S.Ct. 1652, 1655, 134 L.Ed.2d 902, 907–908 (the federal Act); *Zalecki v. Terminix Internatl., Inc.* (Feb. 23, 1996), Lucas App. No. L–95–156, unreported, 1996 WL 76052 (the Ohio Act); *Smith v. Ohio State Home Serv., Inc.* (May 25, 1994), Summit App. No. 16441, unreported, 1994 WL 200801 (the Ohio Act). Even arbitration clauses in consumer contracts generally are enforceable. See *Southland Corp.,* 465 U.S. at 16–17, 104 S.Ct. at 861–862, 79 L.Ed.2d at 15–16; *Smith v. Ohio State Home Serv., Inc., supra.*

## III. DISCUSSION

In its motion to stay, Terminix argues that, pursuant to either the federal or the Ohio Arbitration Acts, it is entitled to an order by this court staying these proceedings. In opposition, Myers submits her motion for partial summary judgment in which she seeks a declaration that the arbitration clause in the contract is not enforceable for two reasons. First, she argues that the result reached by the Sixth Appellate District, in *Zalecki v. Terminix Internatl., Inc., supra,* indicates that arbitration is not mandated in this case. The *Zalecki* court held that an arbitration clause contained in a Terminix "Termite Service Plan" was not enforceable against Zalecki because his claims, based on the Ohio Consumer Sales Practices Act, arose before the parties in that case executed the contract. Therefore, according to the court, Zalecki's claims did not "aris[e] out of the contract" and, thus, an arbitration panel had no authority to decide the applicability to the Consumer Sales Practices Act to his claim. However, this

court finds that *Zalecki* is properly distinguishable because that case did not involve application of the Federal Arbitration Act. Additionally, unlike the instant case, which involves breach of contract and related claims based on warranties and guarantees, Zalecki's case raised no claims based solely on the contract between the parties. Accordingly, the court finds that Myers's argument based on *Zalecki* is not well taken.

Second, Myers argues that the contract's arbitration clause is not enforceable because it is unconscionable and, thus, properly revocable. Both the federal and the Ohio Arbitration Acts contemplate that "applicable contract defenses, such as fraud, duress or *unconscionability,* may be applied to invalidate arbitration agreements without contravening [the federal Act]." (Emphasis added.) *Doctor's Assoc., Inc.,* 517 U.S. at 687, 116 S.Ct. at 1656, 134 L.Ed.2d at 909. See, also, *Smith v. Ohio State Home Serv., Inc., supra* (addressing unconscionability).

The parties do not dispute that the arbitration clause requires that Myers's claims be "conducted in accordance with the Commercial Arbitration Rules [now] in force of the American Arbitration Association ['AAA']." (Paragraph 10 of the contract.) The parties also do not dispute that a party making a claim for arbitration with the AAA must pay a nonrefundable filing fee.[2] Myers asserts that because she is asserting a punitive damages claim in the amount of $2,000,000, she would be required to pay a $7,000 filing fee. Even if Myers should choose to forgo her optimistic punitive damages claim, she still has a facially more reasonable claim for treble damages based on the Consumer Sales Practices Act. In this case, because her claimed property damage exceeds $41,000, her potential treble award would be over $120,000; the nonrefundable filing fee on that amount would be $2,000. Thus, her filing fee for arbitration would exceed the amount that she paid on the contract by thirty-three percent. Myers asserts that she did know at the time of contracting that she would be required to pay an arbitration filing fee and that she did not know that the fee would be so high. (Myers Affidavit, paragraph 3.)

 In Ohio, "[t]he basic test of unconscionability of contract is whether under circumstances existing at the time of making of the contract and in light of general commercial background and commercial needs of a particular trade or case, the clauses involved are so one-sided as to *oppress or unfairly surprise [a]*

---

2. For a claim between $10,000 and $50,000, the party filing must pay $750; for a claim between $100,000 and $250,000, the party filing must pay $2,000; and for a claim between $100,000 and $250,000, the party filing must pay $7,000. (Exhibit G3 to Ms. Myers' Memorandum in Opposition to Stay.)

*party."* (Emphasis added; citations and quotations omitted.) *Neubrander v. Dean Witter* (1992), 81 Ohio App.3d 308, 311–312, 610 N.E.2d 1089, 1091. See, also, *Orlett v. Suburban Propane* (1989), 54 Ohio App.3d 127, 129, 561 N.E.2d 1066, 1069–1070. There is no dispute that Myers was unaware of the undisclosed arbitration requirements. Such exorbitant filing fees, "agreed to" unknowingly, would prevent a consumer of limited resources from having an impartial third party review his or her complaint against a business-savvy commercial entity. Therefore, the court finds that the undisclosed filing fee requirement in this case is so one-sided as to oppress and unfairly surprise Myers. Thus, the court finds that the clause is properly revocable. *Doctor's Assoc., Inc.,* 517 U.S. at 686–688, 116 S.Ct. at 1656, 134 L.Ed.2d at 908–909; *Smith v. Ohio State Home Serv., Inc., supra.* Accordingly, the court finds that the arbitration clause is unenforceable in this case. The court shall, therefore, deny Terminix's motion for stay and grant Myers's motion for partial summary judgment.[3]

JUDGMENT ENTRY

It is ORDERED that the defendants' motion for stay is denied. It is further ORDERED that the plaintiff's motion for partial summary judgment is granted. It is further ORDERED and DECLARED that the arbitration clause at issue is not enforceable under the facts of the case.

*Judgment accordingly.*

---

3. The court finds that Terminix's argument, that Myers's motion calls upon the court to issue an advisory opinion, is without merit. In her complaint, Myers properly asserted a claim for a declaration that portions of the contract (of which the arbitration clause is one) are unenforceable. Thus, judgment on that issue is plainly not an advisory opinion because, although not a final appealable order at this juncture, the judgment is appealable at the conclusion of this case. The case of *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000, 1001–1002, is distinguishable.