I agree that the trial court erred when it ordered arbitration pursuant to R.C. 2111.03 absent a hearing, which that section plainly requires when the making of the arbitration agreement is "in issue." Brumm v. McDonald Co., Securities,Inc. (1992), 78 Ohio App.3d 96. When Defendants-Appellees' moved to enforce the arbitration agreement, Plaintiffs-Appellants responded that the agreement was the product of forgery and fraud. Fraud in the factum relates to the execution of a purported agreement and renders it void ab initio. Haller v. Borrer Corp.
(1990), 50 Ohio St.3d 10. Plaintiffs-Appellants' response thus put the making of the agreement in issue for purposes of R.C.2111.03. That same is not true for claims of fraud in the inducement. See ABM Farms, Inc. v. USA Energy Consultants, Inc.
(1998), 81 Ohio St.3d 498.
Nevertheless, this court lacks jurisdiction to review the error the court committed in ordering arbitration per R.C. 2111.03
because that order is not final and appealable per R.C. 2505.02.Bellaire City Schools v. Paxton (1979), 59 Ohio St.2d 65. Formerly, neither was an R.C. 2111.02 order staying litigation pending arbitration. Id. However, R.C. 2111.02 has since been amended to expressly provide that stay orders issued pursuant to that section are final and appealable.
The trial court also ordered the litigation stayed pursuant to R.C. 2111.02. The court was not required to hold a hearing before entering the stay order. Brumm v. McDonald Co.Securities, Inc., supra. Rather, the court needed only to have been "satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration." R.C. 2111.02. Absent a hearing, that is necessarily determined from the pleadings and the motion to stay. Whether the court abused its discretion in entering the stay order is an issue which is properly before us for review, as it is a final, appealable order. R.C. 2111.02
The trial court could not reasonably have been satisfied that the claims for relief in Plaintiff-Appellant's complaint were referable. As noted above, their response questioned the very existence of the alleged arbitration agreement. Further, arbitration, which is an affirmative defense per Civ.R. 8(C), cannot be interposed against the Plaintiffs' claims for relief for conversion and unjust enrichment. Those claims are grounded in wrongdoing. Affirmative defenses are in the nature of a confession and avoidance. Rationally, one cannot confess the truth of claims grounded in wrongdoing and then demand to arbitrate the consequences of that same wrongdoing. Further, because arbitration is an affirmative defense that must be specifically set out in a pleading responsive to the complaint, Civ.R. 8(C), a responsive pleading that sets up arbitration as an affirmative defense is a necessary predicate to the motions that R.C. 2111.02
and R.C. 2111.03 authorize. No such pleading was filed here.
The trial court abused its discretion when it stayed the trial proceedings per R.C. 2111.02 because the Plaintiffs' claims for conversion and unjust enrichment were not issues referable to arbitration under the purported agreement to arbitrate. This court should reverse the stay and remand for a trial. Our mandate should also require the trial court to stay its order to arbitrate pending the outcome of that trial, at least with respect to the existence of an arbitration agreement. If Plaintiffs-Appellants prevail at trial, the order then will be moot. If they do not, and the jury finds that an agreement exists, any remaining disagreements may be arbitrated.
* * * *