This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Roy E. Harrison, appeals from the judgment of the Summit County Court of Common Pleas which granted Ganley Akron, Inc.'s ("Ganley") motion to stay the proceedings pending arbitration. We reverse and remand.
On June 29, 2001, Appellant filed a complaint against Appellees, Ganley and Toyota Motor Sales, U.S.A., Inc., alleging the following claims: (1) breach of warranty; (2) violation of Ohio's "Lemon Law;" and (3) unfair and deceptive consumer sales practices. Thereafter, Ganley moved to stay the proceedings pending arbitration. Appellant moved to hold in abeyance Ganley's motion to stay to permit discovery on the issue regarding the enforceability of the arbitration clause. The trial court granted Ganley's motion to stay the proceedings pending arbitration. Appellant timely appeals raising four assignments of error for review. We will address assignments of error one, two, and three together as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I The trial court erred by denying [Appellant's] motion to hold Ganley's motion to compel arbitration in abeyance until discovery could be conducted.
 ASSIGNMENT OF ERROR II The trial court erred by compelling arbitration without receiving evidence relating to the enforceability of the arbitration clause.
 ASSIGNMENT OF ERROR III The trial court erred by granting Ganley's motion to compel arbitration.
In his first and third assignments of error, Appellant contends that the trial court erred in granting Ganley's motion to stay the proceedings pending arbitration, thereby denying Appellant an opportunity to conduct discovery as to the enforceability of the arbitration clause. In his second assignment of error, Appellant contends that the trial court erred in compelling arbitration without receiving evidence relating to the enforceability of the arbitration clause. Appellant's contentions are well taken.
An appellate court reviews a trial court's decision to stay the proceedings pending arbitration under an abuse of discretion standard.Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. An abuse of discretion suggests more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
Public policy encourages arbitration as a method to settle disputes.Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711-12;Bellaire City Schools Bd. of Edn. v. Paxton (1979), 59 Ohio St.2d 65,70; Griffith v. Linton (1998), 130 Ohio App.3d 746, 750-51. Additionally, a presumption arises favoring arbitration when the claim in dispute falls within the scope of the arbitration provision. Williams v.Aetna Finance Co. (1998), 83 Ohio St.3d 464, 471. Therefore, a court should give effect to an arbitration provision in a contract between the parties "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute." Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311. Furthermore, R.C. 2711.02 states in pertinent part:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement[.]
Nevertheless, under R.C. 2711.01(A):
 A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract * * * shall be valid * * * except upon grounds that exist at law or in equity for the revocation of any contract.
Accordingly, the trial court must make a determination as to the validity of the arbitration clause. Reynolds v. Lapos Constr., Inc. (May 30, 2001), Lorain App. No. 01CA007780, unreported, at *4, quoting ABM Farms,Inc. v. Woods (1998), 81 Ohio St.3d 498, 501. See, also, R.C. 2711.03.
In the present case, Appellant allegedly bought a vehicle from Ganley that was defective. Consequently, Appellant filed a complaint against Appellees seeking to recover for the defective vehicle. Ganley moved to stay the proceedings pending arbitration and attached a copy of the contract, which contained the arbitration clause, to its motion. In response, Appellant alleged that the arbitration clause was unenforceable and moved the trial court to postpone its ruling on Ganley's motion until Appellant could conduct discovery. However, the trial court granted Ganley's motion and determined that the arbitration clause was enforceable.
Upon a review of the record, the arbitration clause appears to be pre-printed on the contract and does not contain specific details concerning the arbitration process. Specifically, the clause provides: "See General Manager for information regarding arbitration process." Furthermore, the record is devoid of evidence regarding the circumstances surrounding the nature and execution of the provision.
Some procedures, though ostensibly providing for arbitration, are by their very nature unenforceable. See Jones v. Fred Martin Motors, Co. (Feb. 13, 2002), Summit App. No. 20631, unreported, at 4. Therefore, the trial court is not warranted in sending the case into such unchartered waters. Consequently, we find that the trial court abused its discretion in granting Ganley's motion to stay the proceedings pending arbitration without affording Appellant an opportunity to conduct discovery as to the enforceability of the arbitration clause and, further, to present his findings on this issue. See Sikes v. Ganley Pontiac Honda (Sept. 13, 2001), Cuyahoga App. No. 79015, unreported, 2001 Ohio App. LEXIS 4065, at *7 (holding that the record regarding the circumstances surrounding the making of an arbitration clause must be well-developed to permit court to determine whether clause is enforceable). See, also, Berger v. CantorFitzgerald Securities (1996), 942 F. Supp. 963, 967 (denying motion to stay pending arbitration to permit discovery on the validity of the arbitration clause). Accordingly, Appellant's first, second, and third assignments of error are sustained.
 ASSIGNMENT OF ERROR IV The trial court erred by sending [Appellant's] claims against Toyota Motor Sales, U.S.A., Inc., to arbitration when there was no agreement to arbitrate between [Appellant] and Toyota Motor Sales, U.S.A., Inc.
In his fourth assignment of error, Appellant avers that he did not enter into an agreement to arbitrate with Toyota Motor Sales, U.S.A., Inc.; therefore, the trial court erred in ordering Appellant to arbitrate his claims against Toyota Motor Sales, U.S.A., Inc. In light of our disposition in assignments of error one, two, and three, we need not address this issue.
Appellant's first, second, and third assignments of error are sustained, and his fourth assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas is reversed and remanded.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
BAIRD, J., BATCHELDER, J. CONCUR.