DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gerald V. Reed, appeals from the judgment of the Wayne County Court of Common Pleas, which dismissed Mr. Reed's complaint filed against Appellee, Allstate Insurance Company ("Allstate"). We affirm.
 I. {¶ 2} On January 30, 1999, Mr. Reed was involved in a collision with a motor vehicle operated by Sandra Stewart and owned by her husband, David Stewart (collectively the "Stewarts"). At the time of the accident, Mr. Reed represented that he had an active automobile liability insurance with Allstate covering this vehicle, but the parties later stipulated during the litigation preceding this appeal that the policy coverage for this vehicle had in fact lapsed due to Mr. Reed's failure to pay the premium.
 {¶ 3} The Stewarts submitted claims with their insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), for the damage to their vehicle and for bodily injury resulting from this accident. Relying on Mr. Reed's belief that he had insurance coverage under an Allstate policy for the vehicle, State Farm submitted a claim against Allstate to "inter-company arbitration" to recover the amount it had paid out for the property damage to the Stewarts' insured vehicle, pursuant to Automobile Subrogation Arbitration Agreement ("Arbitration Agreement") to which both State Farm and Allstate are parties. Initially, Allstate objected to the arbitration since it did not insure Mr. Reed at the time of the accident in question. However, on motion of State Farm an arbitration panel considered the matter, and on June 13, 2000, issued a decision in favor of State Farm for a portion of the property damage amount paid out by State Farm. Allstate paid the award amount to State Farm, but Allstate claims that this payment was mistakenly made on its part.
 {¶ 4} Additionally, State Farm paid out uninsured motorist benefits to the Stewarts for personal injuries resulting from the accident, and subsequently filed suit against Mr. Reed to recover this payment.[1] In a judgment entry dated March 7, 2001, the trial court dismissed without prejudice, per agreement of the parties, all claims of all the parties with respect to this action.
 {¶ 5} On April 2, 2001, Mr. Reed filed a complaint against Allstate, asserting, inter alia, the following claims: (1) breach of contract; (2) bad faith; and (3) declaratory judgment of entitlement to automobile liability insurance coverage from Allstate, on the basis that Allstate was estopped from denying coverage due to the arbitration decision in favor of State Farm.
 {¶ 6} Mr. Reed filed a motion for partial summary judgment, claiming that Allstate is estopped from denying him coverage based on the arbitration award entered in favor of State Farm. The trial court overruled this motion on February 13, 2002. The matter proceeded to a bench trial pursuant to agreement by the parties. On May 22, 2003, the court issued a judgment entry which dismissed Mr. Reed's complaint, and concluded that Allstate is not required to provide insurance coverage to Mr. Reed. It is from this judgment entry that Mr. Reed appeals.
 {¶ 7} Mr. Reed timely appealed, asserting two assignments of error for review. We address Mr. Reed's first and second assignments of error aggregately, as they involve similar issues of law and fact.
 II. First Assignment of Error
"The trial court erred as a matter of law in holding the arbitration award did not bind allstate as to insurance coverage for reed under the doctrine of res judicata for the reason there was a lack of privity between reed and allstate."
 Second Assignment of Error
"The trial court erred as a matter of law by finding the arbitration agreement barred the application of the legal doctrine of res judicata to the arbitration award."
 {¶ 8} In his first assignment of error, Mr. Reed claims that the trial court erred when it concluded that Mr. Reed was not entitled to coverage under the Allstate policy. To support his first assignment of error, Mr. Reed argues that the arbitration award bars Allstate from denying Mr. Reed insurance coverage pursuant to the doctrine of res judicata. In his second assignment of error, Mr. Reed avers that the trial court erred when it found that the arbitration agreement barred the application of the doctrine of res judicata to the arbitration award. To support his second assignment of error, Mr. Reed asserts that the provision of the arbitration agreement referencing res judicata is against the public policy of Ohio.
 {¶ 9} Ohio's public policy encourages arbitration as a method to settle disputes. Shaefer v. Allstate Inc. Co. (1992), 63 Ohio St.3d 708,711-12; Bellaire City Schools Bd. of Edn. v. Paxton (1979),59 Ohio St.2d 65, 70; Griffith v. Linton (1998), 130 Ohio App.3d 746,750-51. Additionally, a presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision.Williams v. Aetna Fin. Co., 83 Ohio St.3d 464, 471, 1998-Ohio-294. Therefore, a court should give effect to an arbitration provision in a contract between the parties "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute." Neubrander v. DeanWitter Reynolds, Inc. (1992), 81 Ohio App.3d 308, 311.
 {¶ 10} The Arbitration Agreement governing Allstate and State Farm's arbitration in this case explicitly provides that any dispute arising from automobile physical damage or property damage shall be submitted to arbitration. Specifically, the first article to the Arbitration Agreement provides the following:
"Signatory companies are bound to forego litigation and in place thereof submit to arbitration any questions or disputes which may arise from any automobile physical damage subrogation or property damage claim not in excess of $100,000." (Emphasis added.)
 {¶ 11} Pursuant to this clear provision, State Farm and Allstate were bound to submit to arbitration the dispute regarding property damage arising out of the accident between Ms. Stewart and Mr. Reed, and the arbitration of this claim must be given full effect. See Williams,83 Ohio St.3d at 471.
 {¶ 12} The second article to the Arbitration Agreement does state, that, any dispute, including the issue of policy coverage, between such signatory companies, "involving any claim or other matter thereto and not included in Article First hereof * * * may also be submitted to arbitration under this Agreement with the prior consent of the parties." (Emphasis added.) Thus, it is theoretically possible, under the terms of this Arbitration Agreement, for disputes over policy coverage and disputes not involving automobile or property damage to be submitted to arbitration, but only if the parties to such arbitration have consented to this arrangement.
 {¶ 13} We note that there is no evidence in the record of any such consent or agreement by the signatory companies in the instant case, State Farm and Allstate, to arbitrate any other claim or issue besides the property damage claim. State Farm and Allstate had not agreed or consented to the arbitration of the personal injury claim, or the issue of coverage in either the personal injury or property damage context. Therefore, the only issue permitted to be and in fact considered by the arbitration panel, per the terms of the Arbitration Agreement, was that involving payment for State Farm's property damage claim. The arbitration panel did not make any determination regarding policy coverage; nor was the panel authorized to do so.
 {¶ 14} Mr. Reed claims that a provision in the Arbitration Agreement discussing the conclusiveness of an arbitration panel's decision violates the public policy of Ohio favoring arbitration as final and binding. The provision that Mr. Reed challenges is found in the Rules and Regulations governing the automobile subrogation arbitration between State Farm and Allstate, and, in pertinent part, provides the following:
 "SECTION ONE "GENERAL
"* * *
"1-3 A panel's decision on a claim submitted under the [Arbitration] Agreement is neither res judicata nor collateral estoppel in any judicial proceeding thereafter. The decision is conclusive only of the issues in the claim submitted to the panel. It lacks legal or moral effect on any other claim or suit arising out of the same accident or occurrence."
 {¶ 15} To suggest that this provision makes the decision of the arbitration panel not final and not binding is groundless. This provision in fact states that the panel's decision is conclusive with respect to all of the issues arbitrated, but that such a decision does not have any affect on other claims or issues, arising out of the same occurrence or accident, which were not arbitrated.
 {¶ 16} Thus, in this case, the panel's decision to enter an award in favor of State Farm with respect to the property damage claim is conclusive with respect to that issue only, and has no res judicata or collateral estoppel effect on the issue of coverage of Mr. Reed's claims under an Allstate policy, or any issues arising from the personal injury claims involved in this case. The arbitration decision made in this case, therefore, has no legal bearing on the personal injury claims and the issue of Mr. Reed's entitlement to policy coverage from Allstate. Mr. Reed's assertion, that, based on this arbitration decision, he should be entitled to policy coverage in the context of property damage and personal injury claims, is improper and lacks merit.
 {¶ 17} Mr. Reed represented to the police that the vehicle involved in the accident was insured by Allstate at the time of the accident at the end of January 1999, when the policy had in fact lapsed in May 1998, roughly nine months before the accident occurred. Nevertheless, Mr. Reed claimed that at the time of the accident, he believed that this vehicle was covered under an Allstate policy. Allstate has denied liability to Mr. Reed for any claims resulting from this accident; Allstate asserts, and both parties have stipulated, that this vehicle was not covered by an Allstate policy at the time of the accident. Furthermore, Allstate claims that its payment to State Farm pursuant to the arbitration award was mistakenly made.
 {¶ 18} We do not reach any conclusion here regarding whether Mr. Reed's assertion of existing coverage was made in bad faith or not, or whether Allstate did in fact erroneously make this payment to State Farm. However, we find it important to stress, that, in a situation where a driver makes a bald assertion of policy coverage, subsequent to which the purported insurance carrier accidentally makes a payment to an insurance company which claims rights under subrogation, such payment must not rise to the level of an admission by that insurance company with respect to policy coverage, or give rise to an inference of policy coverage.
 {¶ 19} Based upon the foregoing analysis, we conclude that Mr. Reed's assertion of policy coverage for property damage and personal injury claims, based upon the arbitration award, cannot be sustained under the provisions of the Arbitration Agreement. Due to this conclusion, we need not address Mr. Reed's argument that Allstate is precluded from denying coverage due to the doctrine of res judicata, as this issue is irrelevant given our disposition of the case. Accordingly, Mr. Reed's first and second assignments of error are overruled.
 III. {¶ 20} Mr. Reed's first and second assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
William G. Batchelder for the court
Slaby, P.J., Concurs.
[1] State Farm Mutual Automobile Insurance Company, et al. v. Reed,
Wayne C.P. No. 00-CV-0049. The other plaintiffs to this suit included the Stewarts and Patricia Kessler, a passenger in the vehicle that Ms. Stewart was driving. Ms. Kessler had also asserted a claim for personal injury in this action.