DECISION
{¶ 1} Plaintiffs-appellants, Chester and Dickie Corbitt, have filed a motion for reconsideration, pursuant to App.R. 26, requesting that this court reconsider our opinion issued March 4, 2004. For the following reasons, we deny appellants' motion.
 {¶ 2} When presented with a motion for reconsideration, an appellate court must determine whether the motion calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.State v. Rowe (Feb. 10, 1994), Franklin App. No. 93AP-1763;Columbus v. Hodge (1987), 37 Ohio App.3d 68, 69. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached." Juhasz v. Costanzo (Feb. 7, 2002), Mahoning App. No. 99-CA-294.
 {¶ 3} In our March 4, 2004 opinion, this court dismissed the instant appeal because the decision from which appellants appealed, the trial court's June 16, 2003 denial of appellants' motion for a declaratory judgment, is not a final appealable order. As we explained in our opinion, "[a]n order that affects a substantial right made in a special proceeding" is a final appealable order pursuant to R.C. 2505.02(B)(2). While we acknowledged that Chester Corbitt ("Corbitt") may have a substantial right in the enforcement of the State Farm policy terms, we determined that the June 16, 2003 decision did not affect that right because we could address State Farm's contractual obligations after a complete adjudication of appellants' action.
 {¶ 4} In their motion for reconsideration, appellants argue that the trial court's June 16, 2003 decision is a final appealable order pursuant to R.C. 2505.02(B)(1) and (B)(2). First, appellants argue that the June 16, 2003 decision is a final appealable order under R.C. 2505.02(B)(1) because it determined their action and prevented a judgment in their favor.
 {¶ 5} R.C. 2505.02(B)(1) provides that final appealable orders include "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." If the order "`lacks one of the three qualifications of (a) affecting a substantial right, (b) determining the action, or (c) preventing a judgment, it cannot be a final order, for all three attributes must concur to make it such.'" Stewart v.Midwestern Indemn. Co. (1989), 45 Ohio St.3d 124, 126, quotingBellaire City Schools Bd. of Edn. v. Paxton (1979),59 Ohio St.2d 65, 69-70.
 {¶ 6} Even assuming, as we did in our March 4, 2004 opinion, that a substantial right exists here, appellants' argument must fail because the trial court's June 16, 2003 decision only resolved one legal issue arising from the breach of contract claim against defendant-appellee State Farm Mutual Automobile Insurance Company ("State Farm"). Namely, the trial court determined that Corbitt's "uninsured/underinsured motorist claim is subject to a single $100,000 per person limit, without regard to the number of tortfeasors or vehicles involved." Contrary to appellants' assertion, this holding does not constrain appellants' ability to prove State Farm is liable for breach of the insurance policy and, in the event the trial court finds State Farm liable, to prove damages. Rather, the trial court's holding simply determined that in the event appellants prove liability and damages, Corbitt's recovery is capped at $100,000 pursuant to the policy terms.
 {¶ 7} Appellants, however, argue that the June 13, 2003 decision determined the instant action because Corbitt's damages are in excess of $100,000, and by capping damages at the $100,000 per person limit, the trial court "essentially calculated" the damage amount. Appellants' argument is unavailing because they have yet to prove, and the trial court has yet to determine, the amount of Corbitt's damages. As the trial court has not resolved this element of appellants' breach of contract claim, their action is not determined. Accordingly, the trial court's June 16, 2003 decision is not a final appealable order pursuant to R.C.2505.02(B)(1).
 {¶ 8} Second, appellants argue that the June 16, 2003 decision is a final appealable order under R.C. 2505.02(B)(2) because the decision affected their substantial right to a determination of the John Doe driver's liability. Appellants' argument is baffling, given that the trial court had previously decided appellants' motion for partial summary judgment on the issue of the John Doe driver's liability in appellants' favor. In any event, the trial court's holding that Corbitt's coverage is limited to the $100,000 per person regardless of the number of tortfeasors involved has no affect on whether or not the John Doe driver is liable for negligence. Accordingly, the trial court's decision is not a final appealable order pursuant to R.C.2505.02(B)(2).
 {¶ 9} Moreover, we are not persuaded by appellants' argument that judicial economy is best served by an adjudication on the merits of this appeal. R.C. 2505.03 limits our jurisdiction to final orders, judgments and decrees. Appellants' policy-based argument is unavailing in the face of this statutory limitation of our jurisdiction.
 {¶ 10} For the foregoing reasons, appellants' motion for reconsideration is denied.
Motion for reconsideration denied.
Lazarus, P.J., and Petree, J., concur.