DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals from a motion to stay and compel arbitration that was denied by the Norwalk Municipal Court. Because we conclude that the trial court properly denied the motion to stay and compel arbitration, we affirm. *Page 2 
 {¶ 2} On December 7, 2004, appellant, American General Financial Services, Inc., entered into a home equity line of credit agreement with appellee, Dennis Runion. The loan agreement was secured by an open-end mortgage on the real property located at 417 Park Street in Willard, Ohio. The loan agreement included an arbitration clause that read as follows:
 {¶ 3} "Lender and I agree that either party may elect to resolve by binding arbitration all claims and disputes between us. ("Covered Claims"). This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to: My loan from the lender today * * * enforcement of any transaction covered by this agreement * * * any claim or dispute based on any alleged tort, including intentional torts."
 {¶ 4} Appellee defaulted on the loan agreement. In April 2006, the Huron County Court of Common Pleas issued a judgment entry of foreclosure on the mortgage and the property was sold at a sheriffs sale. Appellant purchased the property at the sale and hired Larry Smith Construction Company ("Larry Smith") to remove all property within the residence.
 {¶ 5} On May 1, 2007, appellee filed suit against appellant and Larry Smith in the Norwalk Municipal Court claiming that appellant unlawfully changed the locks to the residence. Appellee alleged that the property was then destroyed, seized, and/or converted by appellant for their use. Larry Smith was dismissed from the suit shortly thereafter. *Page 3 
 {¶ 6} On July 3, 2007, appellant filed an answer which asserted that appellee's claims were subject to the arbitration clause in the loan agreement. Appellant also filed a motion to stay and compel arbitration. On December 19, 2007, the trial court denied appellant's motion without discussion.
 {¶ 7} From that judgment, appellant appeals, setting forth the following assignment of error:
 {¶ 8} "The trial court erred when, in its December 19, 2007 Judgment Entry, it denied appellant's motion to stay and compel arbitration."
 {¶ 9} The issue presented before the court is whether an arbitration clause in a home equity line of credit agreement to secure an open-end mortgage is valid beyond the foreclosure and resale of the mortgaged property.
 {¶ 10} A dispute over an arbitration clause is an issue of law that an appellate court reviews de novo. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105; Taylor Bldg. Corp. of Am. v. Benfield,117 Ohio St.3d 352, 2008-Ohio-938, ¶ 2.
 {¶ 11} Under Section 9, Title 2, U.S. Code, "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction * * * shall be valid, irrevocable, and enforceable." This statute was enacted to encourage courts to enforce and uphold arbitration clauses. Dean WitterReynolds v. Byrd (1985), 470 U.S. 213, 219-20, 105 S. Ct. 1238, 1242, 84 L. Ed. 2d 158, 164-65. Ohio courts favor the resolution of disputes through arbitration when the *Page 4 
disputed claim is within the scope of the arbitration clause. Myers v.Terminix Int'l Co. (1998), 91 Ohio Misc.2d 41, 44; Taylor Bldg. Corp. ofAm. v. Benfield, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 26. However, parties cannot be required to submit disputes to arbitration that they did not originally agree to arbitrate. Henderson v. Lawyers Title Ins.Corp., 108 Ohio St.3d 265, 2006-Ohio-906, ¶ 28. A court "may consider only issues relating to the making and performance of the agreement to arbitrate." Williams v. Aetna Finance Co. (1992), 65 Ohio St.3d 1203,1205.
 {¶ 12} In the present case, the arbitration clause is binding against all disputes between the parties that arise out of the loan agreement and mortgage. The default and foreclosure were events related to the loan agreement and therefore within the scope of the arbitration clause. However, the alleged tort for the destruction of personal property occurred after appellant purchased the property. Appellant's purchase of the property at foreclosure was a transaction distinct from the loan agreement and outside the scope of the arbitration clause.
 {¶ 13} Appellant's assignment of error is not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1