SYSTEMS CONSTRUCTION, INC., APPELLEE, *v.* WORTHINGTON FOREST, LTD., APPELLANT; MORROW ET AL., APPELLEES.

(No. 75AP-428—Decided October 21, 1975.)

*Messrs. Knepper, White, Richards & Miller, Mr. Michael P. Mahoney* and *Mr. John A. Jenkins,* for appellee Systems Construction, Inc.

*Messrs. Hardesty, Gamble & Kenny* and *Mr. James H. Gordon,* for appellant.

WHITESIDE, J. Plaintiff has filed a motion to dismiss this appeal, contending that it is not from a final appealable order. The order appealed from sustains plaintiff's motion for a stay pursuant to R. C. 2711.02 and orders "this matter * * * to be submitted to arbitration pursuant to the provisions of the contract between the parties * * *."

This court recently held that an order refusing to stay proceedings pending arbitration is not an appealable order, in the case of *Pewter Mug* v. *M. U. G. Enterprises,* 46 Ohio App. 2d 93. Similarly, it has been held that an order staying the trial of a case until an arbitration is consummated is not a final appealable order. *Bd. of Education* v. *Nolte-Tillar Bros. Construction Co.* (1946), 79 Ohio App. 193.

The order herein, however, does not merely stay proceedings but in effect grants specific performance of the agreement to submit to arbitration and orders that the matter be submitted to arbitration and, thus, is essentially "an order summarily directing the parties to proceed with the arbitraton" pursuant to R. C. 2711.03. R. C. 2505.02 defines final order as including "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *."

The question of whether an order is a final appealable order cannot be determined solely from the general nature of the order but must be determined by the effect the order has upon the pending actions; that is, whether the order "in effect determines the action and prevents a judgment." See *Schindler* v. *The Standard Oil Co.* (1956), 165 Ohio St. 76.

The order appealed from requires the parties to submit "the matter" to arbitration. Thus, all issues raised by the Complaint and Cross-Complaint are ordered submitted to arbitration, and there can be no judgment predicated upon either the Complaint or Cross-Complant. In other words,

there can hereafter be no effective judgment rendered in this action by the trial court predicated upon the pleadings, so the order compelling arbitraton does in effect determine the action and prevent a judgment.

Any subsequent action would be predicated not on the pleadings but, rather, upon either a new and independent application to the Court of Common Pleas for an order confirming the arbitration award pursuant to R. C. 2711.09, or upon a new and independent application for vacating, modifying, or correcting the arbitration award pursuant to R. C. 2711.10 or R. C. 2711.11. Upon either such application, the issues raised by the pleadings would not be before the court, but, rather, the court would consider only the limited issues set forth in R. C. 2711.10 and R. C. 2711.11. Furthermore, there is no requirement that any such application be made in this case, but such may be made in a new and separate action filed in the trial court for that purpose.

An order staying proceedings in a pending action and ordering that part of the issues raised be submitted to arbitration may well be interlocutory and not appealable, since there will eventually be a judgment upon the remaining issues. However, where the order requires that the entire case and all issues raised therein be submitted to arbitration, the order is a final appealable order since it in effect determines the action and prevents a judgment. Accordingly, the motion to dismiss is overruled.

*Motion overruled.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.