**FABE, Supt., Appellant,**

**v.**

**COLUMBUS INSURANCE COMPANY; First General Insurance Company et al., Appellees.**

[Cite as *Fabe v. Columbus Ins. Co.* (1990), 68 Ohio App.3d 226.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP-869.

Decided June 26, 1990.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Gurley, Rishel, Myers & Kopech, David E. Northrop* and *Lynda G. Loomis,* Special Counsel, for plaintiff-appellant.

*Squire, Sanders & Dempsey, James S. Savage* and *John J. Krimm, Jr.,* for defendant-appellee First General Insurance Company.

*Bricker & Eckler, James S. Monahan* and *Quintin F. Lindsmith,* for defendant-appellee Employers Reinsurance Corporation.

WHITESIDE, Judge.

Plaintiff-appellant, George Fabe, Superintendent of Insurance for the state of Ohio and Liquidator of Columbus Insurance Company, appeals a judgment of the Franklin County Common Pleas Court and raises the following assignment of error:

"The trial court erred in granting the defendants' motion to stay proceedings and to compel the Superintendent of Insurance, acting as statutory

liquidator of an insolvent insurer, to submit his asset collection suit to binding arbitration."

The present action, which plaintiff has brought against defendants, First General Insurance Company ("FGIC") and Employers Reinsurance Company ("ERC") is but one adversary proceeding in the liquidation proceedings of Columbus Insurance Company ("CIC"). On January 25, 1985, the trial court issued an order finding CIC to be insolvent and, pursuant to R.C. 3903.18(A), appointed plaintiff as the liquidator. As such, plaintiff is empowered to collect all debts owing to the insolvent insurance company. R.C. 3903.21.

Accordingly, plaintiff brought this proceeding (Adversary Proceeding No. 11) against defendants FGIC and ERC alleging that, pursuant to a reinsurance agreement among all three parties, FGIC and ERC owed plaintiff, as liquidator of CIC, approximately $489,000. Plaintiff contends that this sum was paid by FGIC to ERC when the money was actually due CIC.

All interested parties agree that the reinsurance agreement included in Article XVIII, as amended effective January 1, 1981, contained an arbitration provision which provided:

" * * * [A]ny dispute arising out of this Agreement shall be submitted to the decision of a board of arbitration * * *.

" * * * *

" * * * The majority decision of the board shall be final and binding upon all parties to the proceeding."

It is this clause which is the subject of dispute in this adversary proceeding. Defendants filed a motion in the trial court to stay the proceedings until the dispute could be arbitrated. Plaintiff objected contending that he was not subject to the arbitration provision and that, further, the trial court had exclusive jurisdiction over any and all disputes arising in the course of the liquidation proceedings.

In granting defendants' motion, the court held that compelling arbitration did not violate any statute relating to liquidation proceedings. Furthermore, the court reasoned that an experienced arbitration panel could settle the dispute quickly (as required by the agreement) and that the arbitration procedure should be encouraged. It is from this decision which plaintiff appeals.

Prior to addressing plaintiff's assignment of error, we will discuss defendants' pending motion to dismiss for lack of a final appealable order. Defendants contend that an order by a trial court which stays the proceedings and directs the parties to binding arbitration pursuant to their written agreement

is not a "final appealable order" as defined by R.C. 2505.02, which provides in pertinent part:

"An order which affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

To support their positions, defendants primarily rely upon *Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021, which holds in the syllabus:

"An order of a trial court which stays all proceedings before it pursuant to R.C. 2711.02 and compels arbitration between the parties who have contracted to do so pursuant to R.C. 2711.03, is not a final appealable order pursuant to R.C. 2505.02 when it does not, in effect, determine the action and prevent a judgment."

The court reasoned that part of the policy of enforcing arbitration agreements is to promote speed and efficiency within the court system. By allowing the immediate appeal of arbitration orders which do not determine the action, this purpose would be defeated and actually place more strain on the system.

In *Paxton,* the court recognized this court's decision in *Systems Constr., Inc. v. Worthington Forest, Ltd.* (1975), 46 Ohio App.2d 95, 75 O.O.2d 79, 345 N.E.2d 428, where we held that, where *all* issues are submitted to arbitration, the order would be final. The *Paxton* court acknowledged the distinction and determined that, since not all issues involving all of the parties were disposed of, the order was not final.

There are two reasons why the order appealed from herein is a final appealable order. First, the case *sub judice* involves a slightly different factual scenario than *Paxton, supra.* While it is an appeal from an order staying the proceedings pending binding arbitration, the order occurred in a liquidation proceeding pursuant to R.C. Chapter 3903. In *Morris v. Investment Life Ins. Co.* (1966), 6 Ohio St.2d 185, 35 O.O.2d 304, 217 N.E.2d 202, the Ohio Supreme Court held that the conservatorship proceedings pursuant to R.C. Chapter 3903 are "special proceedings" within the meaning of R.C. 2505.02.

Defendants attempt to argue that this order is not the result of a "special proceeding" because arbitration proceedings are not special proceedings. However, defendants fail to recognize that it is the nature of the statutorily authorized liquidation proceedings which make these proceedings "special."

Having determined that the order was made in a "special proceeding" (a liquidation proceeding), we turn to a determination of whether it is one which affects a "substantial right" of plaintiff. "Substantial right" is defined as a legal right which is enforced and protected by law. See *North v. Smith* (1906), 73 Ohio St. 247, 76 N.E. 619. The order requiring all issues to be submitted to binding arbitration is one which affects a substantial right of plaintiff. Plaintiff as liquidator is claiming his right to the reinsurance proceeds, to which he may well be legally entitled. If he is so entitled, that right would be enforced and protected by law. The decision to enforce the arbitration agreement clearly affects plaintiff's claimed right. The "substantial right" consists of the matter being final and conclusively determined by arbitration.

The second reason why the order staying the proceedings and ordering arbitration is appealable is that it required that the entire case and all issues be submitted to arbitration. While "Adversary Proceeding No. 11" has been filed as a separate part of the entire liquidation proceeding under the same case number, it is a separate adversary proceeding and constitutes and involves a claim entirely separate from any other matter connected with the liquidation proceeding. The procedure utilized by the liquidator herein not only is unnecessary but creates manifest confusion and, at best, is questionable.

The more appropriate procedure would have been for the liquidator to have filed Adversary Proceeding No. 11 as a separate case in the trial court. There is nothing in R.C. Chapter 3903 suggesting the procedure utilized by the liquidator. R.C. 3903.21(A)(6), under which this proceeding is allegedly commenced, provides only that the liquidator may "collect all debts and monies due and claims belonging to the insurer * * *" and for that purpose may "pursue any creditor's remedies available." This in no way suggests that the remedy be under the same case number, even though under R.C. 3903.04(E) the Franklin County Court of Common Pleas is the proper court in which to bring the action. R.C. 3903.21(A)(12) expressly empowers the liquidator " * * * to commence in the name of the insurer or in his own name any and all suits and other legal proceedings, in this state or elsewhere * * *." R.C. 3903.04(E) does not require that a single action be filed in which all matters pertaining to liquidation be filed but, instead, recognizes multiple actions requiring that "[a]ll actions authorized in sections 3903.01 to 3903.59 of the Revised Code shall be brought in the court of common pleas of Franklin county."

Therefore, it is appropriate to treat Adversary Proceeding No. 11 as a totally separate action and, pursuant to our holding in *Systems Constr., Inc.,*

*supra,* such an arbitration order is a final appealable order. As we held 46 Ohio App.2d at 96–97, 75 O.O.2d at 80, 345 N.E.2d at 429:

"The order herein, however, does not merely stay proceedings but in effect grants specific performance of the agreement to submit to arbitration and orders that the matter be submitted to arbitration and, thus, is essentially 'an order summarily directing the parties to proceed with the arbitration' pursuant to R.C. 2711.03. * * *

" * * * In other words, there can hereafter be no effective judgment rendered in this action by the trial court predicated upon the pleadings, so the order compelling arbitration does in effect determine the action and prevent a judgment."

Even though the order does not specifically state the action is terminated, that is the effect of the order enforcing the contractual provision for binding arbitration since such order determines the proceedings and prevents any further judgment therein. A proceeding to confirm (R.C. 2711.09) or to set aside (R.C. 2711.10) the arbitration award constitutes new proceedings in the trial court, not a continuation of the one ordering arbitration, there being no requirement in R.C. Chapter 2711 for a "report back" to the court.

Therefore, under either analysis pursuant to R.C. 2505.02, the trial court's order of June 27, 1988, staying the proceedings and ordering the parties to arbitrate fully the entire matter is a final appealable order. Accordingly, defendants' motion to dismiss is denied.

Turning to plaintiff's sole assignment of error, plaintiff contends that the trial court erred in compelling plaintiff to submit the dispute to binding arbitration. Plaintiff contends that, by submitting this dispute to arbitration, the trial court will somehow lose control over the liquidation proceeding. This, plaintiff contends, cannot be permitted as the trial court has exclusive jurisdiction.

R.C. 3903.04(E) does provide that all actions commenced under R.C. Chapter 3903 must be brought in the Franklin County Common Pleas Court. R.C. 3903.21 sets forth the powers of the Superintendent of Insurance as liquidator which are very broad in scope. Furthermore, R.C. 3903.18 allows the liquidator to take possession of the assets of the insolvent insurer, and by law the liquidator is vested with title to all "property, contracts, and rights of action." Plaintiff contends that, by referring this dispute to arbitration, the trial court is usurping a portion of plaintiff's authority as liquidator.

To support his position, plaintiff relies primarily upon *Knickerbocker Agency v. Holz* (1958), 4 N.Y.2d 245, 173 N.Y.S.2d 602, 149 N.E.2d 885. In *Knickerbocker,* New York's highest court held that the liquidator of an

insolvent insurance company was not bound by a provision in a contract requiring the insurance company to arbitrate a dispute it had with the plaintiff. The liquidator brought an adversarial proceeding against the plaintiff to collect a debt allegedly owed to the insolvent insurance company by the plaintiff.

The New York court concluded that the provisions of New York law governing liquidation of insolvent insurance companies were comprehensive in nature and to the exclusion of all others. Furthermore, the New York court concluded that, as there was no express statutory authorization, the legislature did not intend to place disputes arising out of the liquidation proceeding into the hands of arbitrators.

In reaching these conclusions, the New York court reasoned that the need for title, custody, and control of the insurer's assets in the hands of the liquidator under the exclusive supervision of the court, outweighed any benefits attributable to arbitration. There was a fear expressed by the New York court that allowing arbitration would somehow result in a loss of control over the liquidation proceedings.

Initially we note that *Knickerbocker* was decided in 1958, and since that time some courts which had not done so previously recognized the need for and desirability of arbitration. However, in Ohio as early as 1835 the Ohio Supreme Court recognized the benefits of arbitration. See *Ormsby's Adm'rs. v. Bakewell and Johnson* (1835), 7 Ohio 99. Later in 1920, the Ohio Supreme Court repeated the holding that contracts for arbitration are binding and the arbitration decision is binding upon the parties. In 1955, *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, held in paragraph one of the syllabus:

"It is the policy of the law to favor and encourage arbitration, and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts."

Similarly, there have been statutory provisions for arbitration for well over one hundred years and the present statute, R.C. Chapter 2711, was enacted in 1931. Furthermore, any doubts should be resolved in favor of arbitration. See *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.

R.C. Chapter 2711 governs arbitration provisions, and R.C. 2711.01 provides that such written agreements "shall be valid, irrevocable and enforceable." Furthermore, that section specifically lists five situations where arbitration, even though agreed to, will not be enforced. None of those exceptions applies to liquidation proceedings. Additionally, there is nothing in R.C. Chapter 3903 governing liquidation proceedings that either expressly or impliedly prohibits

arbitration in such proceedings. Although R.C. 1.51 does provide that, in case of conflict between a general provision and a special provision, the special controls, it also requires that if possible they be construed so that effect is given to both. For purposes of this opinion, we shall assume R.C. Chapter 3903 (as to liquidation) is specific and R.C. Chapter 2711 (as to arbitration) is general. Therefore, only if compelling arbitration would somehow interfere with the liquidator's powers under R.C. 3903.18 and 3903.21 could such a contractual arbitration provision be held unenforceable in liquidation proceedings.

Plaintiff's reliance upon *Knickerbocker, supra,* and the New York court's reasoning is flawed in two respects. Plaintiff contends that he has exclusive control over the insolvent insurer's assets and that, by referring a dispute regarding those assets to arbitration, his control and authority are somehow divested. While plaintiff's statement regarding his control and authority is correct, his conclusion does not follow. Until the dispute regarding ownership of the funds is resolved, those funds are not part of the assets over which plaintiff has control. Rather, his "control" is only that chose in action (claim) against defendants. Only if it be determined that the money is properly payable to CIC does that money become part of the estate which plaintiff will distribute along with the other assets accordingly.

The *Knickerbocker* court gave little weight to the express provision in the statutes which permits the liquidator to bring actions against persons owing money to the insolvent insurer in other jurisdictions. The New York court's reasoning regarding the need for its exclusive jurisdiction is basically *ipse dixit* without a logical foundation.

Ohio law also recognizes the liquidator's authority to bring actions in other jurisdictions to collect debts owing to the insurer. See R.C. 3903.21(A)(6). Such an action, of course, necessarily is a separate adversary proceeding from that of the liquidation proceeding as this one should have been. However, if it be determined that the money is owed or the property belongs to the insolvent insurer, then the money or property becomes an asset of the estate within the exclusive control of the liquidator under the supervision of the Franklin County Common Pleas Court.

Plaintiff also contends that binding arbitration would not only deprive the court of exclusive jurisdiction but also would deprive plaintiff of a trial on the merits of his claim. Plaintiff contends that the trial court might be forced to accept an arbitration determination without question.

Although the arbitration decision is binding in the absence of fraud or another statutorily recognized ground, plaintiff's contention is essentially an inaccurate statement of the law governing arbitration. Plaintiff will not

merely turn over the claim to a panel of arbitrators. Rather, he should remain an active participant in the arbitration proceedings. Furthermore, R.C. 2711.10 and 2711.11 specifically allow the court to confirm, vacate, modify or correct the award upon motion of a party, although only for the reasons enumerated therein.

Therefore, contrary to plaintiff's contention, no one is forced to "accept" the arbitration award regardless of the circumstances. Furthermore, the propriety of an arbitration agreement by a fiduciary has long been recognized in Ohio. See *Childs v. Updyke* (1859), 9 Ohio St. 333.

Accordingly, we conclude that plaintiff's contentions are not well founded. While it is true that plaintiff, as liquidator, is vested with title and control of the insolvent insurer's assets, until the dispute among CIC, FGIC, and ERC is resolved, that money is not part of those assets. Furthermore, plaintiff has not demonstrated how he will be harmed if this dispute is referred to arbitration. Plaintiff still retains control of the assets and their accompanying distribution to creditors. Finally, we find nothing in either R.C. Chapter 2711 or Chapter 3903 which compels a different conclusion.

Although R.C. 3903.04 requires that "all *actions* authorized by R.C. Chapter 3903 be brought in the trial court," R.C. 3903.21(A)(6)(c) permits the liquidator to "[p]ursue *any* creditor's remedies available to enforce his claims" (emphasis added); R.C. 3903.21(A)(12) authorizes the liquidators "to commence in the name of the insurer or his own name any and all suits and *other legal proceedings*" (emphasis added); R.C. 3903.21(A)(6)(b) authorizes the liquidator to "[d]o such other acts as are necessary or expedient to collect * * * assets or property * * *"; and R.C. 3903.21(B) provides that the liquidator shall have the "right to do such other acts * * * as may be necessary or appropriate for the accomplishment of or in aid of the purpose of liquidation."

The above reasoning and conclusion are supported by way of comparison to pertinent bankruptcy decisions. The bankruptcy court's jurisdiction is somewhat similar to that of the common pleas court's jurisdiction over liquidation proceedings. In bankruptcy proceedings, the issue has arisen whether arbitration clauses in pre-petition contracts (those in existence prior to the filing of the bankruptcy petition), are to be enforced despite the filing of the bankruptcy petition. Some courts have held such provisions to be mandatory even after the petition has been filed. See *In re Morgan* (C.A.9, 1983), 28 B.R. 3. The court employed a balancing test which weighed the strong policy in favor of arbitration against the equally strong policy in favor of deciding claims against the debtor in bankruptcy court. The court concluded that the debtor-in-possession was bound by the arbitration provision so long as the issues to be resolved by arbitration did not involve issues specially associated with the

bankruptcy itself (*i.e.*, issues involving the right of setoff, the priority of claims, preference issues, etc.).

The court in *In re Mor–Ben Ins. Markets Corp.* (C.A.9, 1987), 73 B.R. 644, held at 647, that: "[t]he mere fact that a court has jurisdiction does not preclude it from compelling the parties to arbitrate * * * [when required]." The debtor specifically contended that compelling arbitration would result in fragmented litigation. In rejecting the debtor's contention, the court held that, where the issues involved concerned "purely bankruptcy issues," arbitration would not be compelled. However, the court further reasoned that, merely because the issues arise during the bankruptcy proceedings, it does not follow that the arbitration provision is invalid. The court concluded at 649:

"Absent a Congressional mandate to preclude arbitration in the bankruptcy context, or a compelling situation seriously affecting the rights of creditors in a bankruptcy, a valid clause in an * * * agreement to arbitrate a dispute must be enforced."

Another line of bankruptcy decisions has held that the decision of whether to compel arbitration is purely discretionary with the bankruptcy court. The court in *In re Ludwig Honold Mfg. Co.* (Bankr.E.D.Penn.1982), 22 B.R. 436, affirmed (C.A.3, 1983), 712 F.2d 55, held that arbitration would not be compelled where the determination in arbitration would affect the "amount, existence and priority of claims." If arbitration were compelled in such a situation, it would seriously affect the rights of creditors and frustrate the purpose of the bankruptcy proceedings. See, also, *In re F & T Contractors* (C.A.6, 1981), 649 F.2d 1229.

A common link can be found among all of the bankruptcy decisions addressing this issue. An arbitration provision in a pre-petition agreement will not be enforced if the issues to be arbitrated involve specific bankruptcy issues that would seriously affect the rights of the creditors. However, where the matter which is sought to be arbitrated does not affect the rights and priorities of creditors, nor is there any other competing bankruptcy policy, arbitration is favored, if not required. Furthermore, there has been no court to hold that enforcement of such arbitration provisions is flatly prohibited in bankruptcy proceedings. Even the courts who hold the decision to be within the sound discretion of the bankruptcy court do not go as far as to say that arbitration provisions should never be enforced. Therefore, as the relevant bankruptcy decisions have held, the jurisdiction of the bankruptcy court does not preclude enforcing an arbitration provision in a pre-petition contract. We see no reason for a different conclusion with respect to the analogous liquidation proceedings herein.

The dispute which defendants seek to have resolved by arbitration in this case will not affect the priority of claims of creditors of CIC. Rather, plaintiff, as liquidator, brought in an action against defendants to recover money allegedly owed to CIC. While it is true that the resolution of the dispute will have an impact on the amount of money plaintiff has to pay the creditors of CIC, arbitration of that dispute will not adversely affect any party to the liquidation proceeding.

We conclude that R.C. 3903.04(E) conferring exclusive jurisdiction upon the Franklin County Common Pleas Court in no way precludes the enforcement of the valid arbitration provision as it exists in this case. Accordingly, plaintiff's sole assignment of error is not well taken.

For the foregoing reasons, defendants' pending motion to dismiss is overruled, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.