DECISION
Plaintiff-appellant, Alliance Corporate Resources, Inc., appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, American Greetings Corporation, to stay disposition of plaintiff's complaint pending mediation and arbitration.
On October 17, 1997, the parties executed a written contract. By its terms, plaintiff agreed to provide consulting services to defendant relating to the implementation of defendant's computer operating system. The contract, titled "Master Services Agreement" ("MSA"), sets forth the scope of plaintiff's performance in an attached schedule of activities, which the parties incorporated into the MSA by reference. The MSA contemplated the execution of a series of schedules, referring in paragraph one to "each schedule to be consecutively numbered." The record, however, reflects that the parties executed only one such schedule, "Schedule One," attached to the MSA.
Schedule One indicated that the parties expected to enter into an agreement, the "full engagement," under which plaintiff would provide project management and technical resources to implement IBM's OS/390 operating system on defendant's corporate mainframe. The parties executed Schedule One to accommodate "certain early activities" while they continued to negotiate the terms and conditions of the full engagement. Schedule One provided that plaintiff's technical project manager would begin learning defendant's project management tools, standards, and guidelines, and begin gathering information and developing the project plan. The schedule set a start date of October 15, 1997, and a duration of three weeks, to be extended by mutual agreement of the parties. Schedule One also provided, as a "key assumption," that the parties "shall negotiate in good faith toward execution of a schedule covering the full engagement.
Plaintiff continued to provide consulting services pursuant to Schedule One until February 12, 1998, when plaintiff notified defendant that it desired to terminate the contract. Although defendant contended plaintiff was contractually obligated to complete the full engagement, plaintiff asserted it had performed fully under the MSA and the only executed schedule.
The MSA contains a dispute resolution provision that provides:
18. Dispute Resolution
 a. Negotiation. If a dispute arises out of or relates to this Agreement or the breach thereof, within twenty (20) days of receipt or written notice of a dispute, the parties shall attempt in good faith to resolve such dispute by negotiation * * *.
 b. Mediation. If the dispute cannot be settled through such negotiations, the parties agree to try in good faith to settle the dispute by mediation within twenty (20) days * * *.
 c. Arbitration. If the dispute cannot be settled by mediation as set forth above, the parties agree to submit the dispute to binding arbitration * * *.
The MSA also states that the dispute resolution provision survives the termination of the contract.
After notifying defendant of its intention to terminate the contract, plaintiff filed a complaint seeking a judgment declaring that the MSA was completed on February 12, 1998, and that plaintiff owes no further contractual or other legal obligation to defendant. Defendant filed a motion to stay the proceedings pursuant to the dispute resolution provision, which the court granted. Plaintiff appeals, assigning the following error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR A STAY OF PROCEEDINGS PENDING ARBITRATION WHEN BOTH PARTIES' OBLIGATIONS UNDER THE CONTRACT CONTAINING THE ARBITRATION CLAUSE HAD BEEN EXTINGUISHED AND THE DISPUTED MATTER ARISES OUTSIDE OF THE CONTRACT CONTAINING THE ARBITRATION CLAUSE.
Initially, the trial court's stay of the underlying declaratory judgment proceedings pending a tiered dispute resolution mechanism that will dispose of the entire action by subjecting the dispute to binding arbitration, if not resolved by negotiation or mediation, is a final appealable order. See R.C. 2711.02; Fabe v. Columbus Ins. Co. (1990), 68 Ohio App.3d 226, 231.
Plaintiff's single assignment of error contends that the MSA's arbitration clause does not apply to the issue presented by its declaratory judgment action. The Ohio Supreme Court has advanced the following four principles to provide a framework considering the reach of an arbitration clause: (1) arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit, (2) the question of arbitrability — whether an agreement creates a duty for the parties to arbitrate a particular grievance — is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator, (3) in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims, and (4) where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. Council of Smaller Enterprises v. Gates,McDonald Co. (1998), 80 Ohio St.3d 661, 665-666 (adopting analysis fromAT T Technologies, Inc. v. Communications Workers of Am. (1986),475 U.S. 643); see, also, Universal Veneer Mill Corp. v. Buckeye Union Ins.Co. (Nov. 10, 1998), Franklin App. No. 98AP-20, unreported (1998 Opinions 5085) (applying Council of Smaller Enterprises, supra).
Here, the parties agreed to submit any dispute arising out of or relating to the MSA to negotiation, mediation, and ultimately arbitration. Plaintiff contends that the controversy over whether it has fulfilled its duties under the MSA does not arise out of or relate to the MSA because the MSA purportedly terminated by its own terms, the parties having performed the preliminary duties set forth in Schedule One and failed to execute additional schedules. Defendant asserts that the parties comprehended completion of the full engagement when they executed the MSA, that plaintiff modified its duties under Schedule One by providing consulting services after the expiration of the three-week Schedule One performance deadline, and that plaintiff breached its promise to negotiate in good faith toward execution of a schedule covering the full engagement.
Given the parties' competing arguments, their dispute arises from the MSA. Analysis of the parties' arguments depends upon an interpretation of the contractual provisions in light of the course of performance rendered by the parties, an inquiry that necessarily "relates to" the MSA, as provided in the arbitration clause. Because the issue presented by plaintiff's declaratory judgment complaint arises from and relates to the MSA, the broadly-worded arbitration clause applies to the instant dispute.
Accordingly, plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.