STATE OF NEBRASKA EX REL. L. TIM WAGNER, DIRECTOR OF INSURANCE OF THE STATE OF NEBRASKA, AS LIQUIDATOR OF AMWEST SURETY INSURANCE COMPANY, APPELLEE, v. STEVEN R. KAY ET AL., APPELLEES, AND MARY SCHEINER, APPELLANT.

722 N.W.2d 348

Filed October 10, 2006.    No. A-05-130.

Cathy S. Trent and Stephen L. Ahl, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellant.

Mark I. Wallach and Sharon A. Luarde, of Calfee, Halter & Griswold, L.L.P., and John H. Binning, Robert L. Nefsky, and Jane F. Langan, of Rembolt Ludtke, L.L.P., for appellee L. Tim Wagner.

INBODY, Chief Judge, and MOORE and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

L. Tim Wagner, Director of Insurance of the State of Nebraska, as the liquidator of Amwest Surety Insurance Company (Amwest), filed suit against the former directors and officers of Amwest, including Mary Scheiner, for breaches of certain fiduciary obligations. The district court for Lancaster County considered whether the claims relating to Scheiner should be resolved through binding arbitration. The court denied Scheiner's motion to compel arbitration, and Scheiner appeals. For the reasons set forth herein, we affirm.

## BACKGROUND

Amwest is a wholly owned subsidiary of the Amwest Insurance Group, Inc. (AIG), a Delaware corporation. At all relevant times, Amwest operated as a Nebraska corporation. Amwest's main product lines included contract performance and payment bonds, commercial bonds, court bonds, and Small

Business Administration bonds. In 1999, Amwest began experiencing financial difficulties that resulted in downgraded ratings from A.M. Best Company, Inc. In June 2001, the district court adjudged that Amwest was insolvent and ordered the company to be liquidated.

Scheiner was an executive employee and officer of Amwest. Prior to the termination of Scheiner's employment due to a "reduction in force," she entered into two agreements that are relevant to our consideration of the present matter. In November 2000, Scheiner entered into a Key Employee Severance Agreement (Key Employee Agreement) with AIG. The Key Employee Agreement contained an arbitration clause, which provides in relevant part:

> Any and all disputes, controversies or claims arising under or in connection with this Agreement, including without limitation, fraud in the inducement of this Agreement, or the general validity or enforceability of this Agreement, shall be governed by the laws of the State of California, without giving effect to its conflict of laws provisions and shall be submitted to binding arbitration before one arbitrator of the American Arbitration Association conducted in Los Angeles County under the laws of the State of California.

In March 2001, Scheiner also entered into a Separation Agreement and General and Special Release of Claims (Separation Agreement) with AIG "and all of its subsidiaries." The Separation Agreement concerned "the termination of [Scheiner's] employment with [AIG and its subsidiaries]" and also contained an arbitration clause, which clause provides in relevant part:

> As a material part of this Agreement, [Scheiner] and [AIG and its subsidiaries] expressly agree that any and all disputes, controversies or claims arising out of or concerning this Agreement, any alleged breach of this Agreement, or the matters resolved and settled by this Agreement, including but not limited to disputes, controversies or claims arising out of [Scheiner's] employment by [AIG and its subsidiaries] or its termination, or this Agreement, whether arising under theories of liability or damages based on

> contract, tort or statute, shall be determined exclusively by final and binding arbitration before a single arbitrator in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association, unless other rules are provided in this paragraph, that judgment upon the award rendered by the arbitrator may be rendered in any court of competent jurisdiction.

The Separation Agreement contains an integration clause, which provides that "[this] Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto with respect to the subject matter hereof and supersedes all prior understandings, negotiations or agreements, written or oral, express or implied." Wagner (hereinafter the Liquidator) has expressly disavowed these agreements pursuant to Neb. Rev. Stat. § 44-4821(1)(m) (Reissue 2004).

On June 6, 2003, the Liquidator filed a complaint against several former directors and officers of Amwest, including Scheiner, seeking damages for their acts and omissions while serving in those capacities. The Liquidator filed an amended complaint on January 7, 2004. In the operative complaint, the Liquidator alleged that the defendants, as officers of Amwest and/or as members of the board of directors of Amwest, were aware or should have been aware of Amwest's financial and managerial difficulties and had a heightened duty to take action with respect to the financial and managerial difficulties occurring at Amwest. The Liquidator asserted that the defendants breached this fiduciary duty. The Liquidator also asserted that certain officers of Amwest, including Scheiner, entered into separation agreements that were not properly approved or submitted to the Nebraska Department of Insurance. The Liquidator alleged that these separation agreements allowed these officers to obtain a greater percentage of their debt from Amwest than other creditors of the same class would receive. The Liquidator sought to recover these transfers and sought damages for the alleged breach of fiduciary duties.

On December 15, 2003, Scheiner filed a motion to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(2) (rev. 2003) on the basis that the district court lacked personal jurisdiction

over her person. The district court denied Scheiner's motion on June 30, 2004.

On August 26, 2004, Scheiner filed a motion to compel arbitration in accordance with the arbitration provisions of the Key Employee Agreement and the Separation Agreement she had entered into with AIG and its subsidiaries. The district court heard Scheiner's motion on September 22. The court received copies of the agreements into evidence at the hearing.

On December 28, 2004, the district court entered an order denying Scheiner's motion to compel arbitration. The court observed that the Nebraska Insurers Supervision, Rehabilitation, and Liquidation Act, Neb. Rev. Stat. § 44-4801 et seq. (Reissue 2004), vests extensive authority in the Liquidator in the administration of an insolvent insurance company. The court quoted § 44-4801 in part, which specifically provides that "[t]he act shall be liberally construed to effect the purposes enumerated in this section and shall not be interpreted to limit the powers granted the director by other provisions of the law." The court observed that the Nebraska Insurers Supervision, Rehabilitation, and Liquidation Act is replete with features designed to give broad powers to the appointed liquidator, and the court stated that it would therefore construe the act in favor of its declared purpose.

The district court agreed with certain holdings made by the Ohio Court of Appeals in the case of *Benjamin v. Pipoly*, 155 Ohio App. 3d 171, 800 N.E.2d 50 (2003), which case and holdings we discuss in detail in the analysis section below. The district court found that the Liquidator in the present case was not seeking to enforce the agreements in question, but was instead seeking to disavow them, per the Liquidator's power under § 44-4821(1)(m). The court found nothing to indicate that the Liquidator adopted any of the agreements or expressly assumed the liabilities contained therein. The court, again referring to a similar holding in *Benjamin v. Pipoly, supra*, held that to permit Scheiner to have her action decided privately and separately from her fellow officers when the Liquidator had disavowed the contract was contrary to the interests of the insureds, claimants, creditors, and the public generally. Accordingly, the

court found that the arbitration agreements were not binding on the Liquidator.

In addition, the district court held that Scheiner had waived her right to compel arbitration. The court, citing several cases from the U.S. Court of Appeals for the Eighth Circuit, stated that a party seeking arbitration may have waived its right to arbitration if it (1) knew of an existing right to arbitration, (2) acted inconsistently with that right, and (3) prejudiced the other party by these inconsistent acts. The court reasoned that Scheiner executed the agreements in question and, thus, must have been aware of the right to arbitrate laid out in those agreements. The court stated that Scheiner acted inconsistently with that right by failing to raise the matter of arbitration during her motion to dismiss for lack of personal jurisdiction. The court stated further:

> It has been more than one year after the lawsuit was filed that . . . Scheiner brought the matter of arbitration before the court and during the process, [Scheiner] has pursued discovery and responded to the [Liquidator's] discovery. The [Liquidator] has incurred expense and devoted time prosecuting this action against . . . Scheiner and would be prejudiced if this action were to be submitted to arbitration.

On January 7, 2005, Scheiner filed with this court a notice of appeal from the district court's December 2004 order. Scheiner subsequently moved for certification pursuant to Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2004). An off-the-record hearing was held on January 13 to address the effect of the notice of appeal on the underlying proceedings. During the hearing, the district court entertained the parties' respective arguments regarding whether certification was required under § 25-1315 in order for Scheiner to appeal the order denying Scheiner's motion to compel arbitration. Pursuant to the parties' stipulation to dismiss Scheiner's original appeal, this court issued on January 25 a mandate dismissing the appeal.

On January 26, 2005, the district court entered an order granting Scheiner's motion to certify. The court stated that under Neb. Rev. Stat. § 25-2620(a)(1) (Reissue 1995), an order denying an application to compel arbitration is appealable. The court found that the claims against Scheiner were sufficiently separate and distinct so that an appeal of the order denying her motion to

compel would neither prejudice the balance of the case nor prevent the underlying case from proceeding. The court also found that there was no just reason for delaying appeal in Scheiner's case. Finally, the court reaffirmed its previous findings regarding Scheiner's motion to compel arbitration, again setting forth the findings that were initially set forth in the December 27, 2004, order. Scheiner subsequently perfected her appeal to this court.

## ASSIGNMENTS OF ERROR

We initially note that Scheiner's brief does not contain a separate "assignments of error" section stating the assigned errors completely apart from the arguments in her brief. Neb. Ct. R. of Prac. 9D(1)e (rev. 2001) requires a "separate, concise statement of each error a party contends was made by the trial court . . . . Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed." Scheiner's brief marginally complies with these requirements, since on the table of contents page of her brief, under the heading "ARGUMENT," Scheiner sets forth two statements concerning errors made by the district court. Scheiner again sets forth a statement of alleged error before each of two detailed arguments in her brief. Scheiner has clearly intended these statements to be her assignments of error, and accordingly, we treat them as assignments of error. While we ultimately consider Scheiner's "assignments of error" in this case, closer adherence to the above rule (and to long-established briefing practice) is preferable.

Scheiner asserts that the district court erred in (1) holding that the Liquidator was not bound by the arbitration agreements and (2) finding that Scheiner waived her right to compel arbitration.

## STANDARD OF REVIEW

Although Scheiner suggests that neither this court nor the Nebraska Supreme Court has addressed the appropriate appellate standard for review of an order denying a motion to compel arbitration, the Supreme Court has stated that whether a stay of proceedings should be granted and arbitration required is a question of law. *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996), *disapproved on other grounds, Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33

(2004). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Merz v. Seeba*, 271 Neb. 117, 710 N.W.2d 91 (2006).

## ANALYSIS

Scheiner first asserts that the district court erred in holding that the Liquidator was not bound by the arbitration agreements. The present case is similar to *Benjamin v. Pipoly*, 155 Ohio App. 3d 171, 800 N.E.2d 50 (2003), cited by the district court. In *Benjamin*, the Ohio Court of Appeals considered whether the liquidator of an insolvent insurance company had the power to avoid enforcement of certain arbitration agreements. The Ohio court held that the broad powers conferred to a liquidator under Ohio statutes allowed a liquidator to affirm or disavow any contracts made by insolvent insurance companies, including provisions for arbitration of disputes. The facts and holdings of the *Benjamin* case were very effectively summarized in a recent article in the Journal of Dispute Resolution, and we set forth that summary as follows:

> Ann H. Womer Benjamin appealed the decision of the Franklin County Court of Common Pleas to stay her action against the appellees and order that the case proceed to arbitration. Appellant Benjamin is the Superintendent of the Ohio Department of Insurance and acted as the liquidator of two insolvent companies, Credit General Insurance Company (CGIC) and Credit General Indemnity Company (CGIND). Benjamin continued the claims brought by the former Superintendent of the Ohio Department of Insurance, J. Lee Covington II. The appellees, Michael J. Saxon, Laura B. Darcy, John H. Fehler, Richard J. Babel, Bryan K. Griffin, and Ronald E. Pipoly (collectively, Pipoly) served as officers and directors of CGIC and CGIND prior to the institution of liquidation proceedings.
>
> Benjamin's original suits against Pipoly were tort claims for alleged breaches of fiduciary duties, which were realized while Pipoly held positions as officers and directors in the two insolvent insurance companies, CGIC and CGIND. The alleged breaches were founded on Pipoly's

alleged knowledge and concealment of serious financial and operational problems with CGIC and CGIND and the subsequent failure to correct those problems.

As an officer or director of CGIC and GCIND [sic], Pipoly entered into employment agreements with Phoenix Management Enterprises, Inc., which later became known as PRS Management Group, Inc. (PRS). Each of the employment agreements contained an arbitration provision stating that disputes related to the employment agreement should first be settled between the parties informally. If that failed, disputes would be subjected to binding arbitration in Cleveland, Ohio, subject to the rules of the American Arbitration Association.

In her capacity as the liquidator of the two companies, Benjamin disavowed all agreements to arbitrate and all of Pipoly's employment agreements. The Ohio code permits the liquidator of an insolvent insurance company to enter into new contracts and affirm or disavow contracts made by the insolvent insurance company.

Benjamin challenged each of the findings of the trial court. Benjamin argued that the arbitration clauses contained in the employment agreements were unenforceable against her because she was not a party to the employment agreements and because she expressly disavowed them. Benjamin argued that the strong policies embodied within Ohio's insurance liquidation statutes outweighed the general policy favoring arbitration.

Pipoly argued that Benjamin "stands in the shoes" of the two companies and is, therefore, bound by all provisions in the employment agreements. Appellee contended that Benjamin should be bound by all agreements mandating arbitration. It was further argued by Pipoly that Benjamin should be bound by the terms of the employment agreements and should be estopped from disavowing them. Pipoly stated that Benjamin must enforce the arbitration agreements contained in the employment agreements and other documents.

The trial court agreed with Pipoly and stayed the liquidation proceedings and compelled arbitration. The court

found that although section 3903.21 of the Ohio Revised Code authorized the appellant to disavow certain contracts, it relied on *Fabe v. Columbus Ins. Co.*[, 68 Ohio App. 3d 226, 587 N.E.2d 966 (1990),] for the proposition that consideration should be given to both the liquidation statutes and the arbitration clause. The trial court found that the companies were bound by the employment agreement and other agreements and were required to send all disputes to arbitration.

On appeal, the Ohio Court of Appeals found that Benjamin's claim should not be forced into arbitration. The appellate court rejected Pipoly's argument that the refusal to compel arbitration violated the Federal Arbitration Act (FAA) because arbitration agreements are unenforceable if there are valid grounds to not enforce an arbitration agreement "at law or in equity for the revocation of any contract." The appellate court relied on the broad power Ohio's legislature had conferred to liquidators to affirm or disavow contracts created by the insolvent company in order to find that failure to compel arbitration was not violative of the FAA.

Frank C. Koranda, Jr., Notes, *On Hostile Ground: Ohio's Notice to Insolvent Insurance Companies with Arbitration Agreements*, 2 J. Disp. Resol. 493, 493-95 (2004).

Summarizing further, the article stated:

In *Benjamin v. Pipoly*, the Ohio Court of Appeals had to decide whether it was proper for a liquidator's claims against employees of an insolvent insurance company to be stayed pending arbitration when the liquidator was not a party to the arbitration agreements. The court held that Benjamin's claims against the defendants would not be stayed pending arbitration. The court reasoned that because the liquidator was not a party to the arbitration agreement, she was not bound by any of its provisions. The court further reasoned that Ohio provided liquidators of insurance companies with broad powers to conduct liquidation proceedings and that compelling arbitration agreements impinges on these powers and violates public policy.

In order to resolve the issue, the court first recited the broad powers given to liquidators in insurance liquidation proceedings. The court noted that Ohio's insurance-liquidation scheme has many "features designed to vest within the liquidator broad and largely unfettered powers, under the supervision of the courts, to maximize the assets available to her in discharging her duties to claimants, shareholders, and creditors of the insolvent insurance company." The court also noted the code sections that govern arbitration. It then established the basis of its holding that only parties to an arbitration agreement may invoke the arbitration agreement.

The decision recognized that a party can only be required to arbitrate if that party agreed in writing to arbitrate those disputes. Noting that arbitration is a matter of contract, the court stated that a presumption against arbitration arises when a party has not agreed to submit to arbitration.

The decision noted that the appellant never signed either the employment agreement or the mutual agreements to arbitrate raising the presumption against arbitration. The court found that appellees cannot rebut this presumption against arbitration. The court then held that "when a liquidator is appointed by court order . . . she is not automatically bound by the pre-appointment contractual obligations of the insurer." The court held that a liquidator would only be bound if she affirmatively elected to be bound by prior obligations. Because Benjamin was not party to the original agreements, and did not indicate that she wished to be bound by those agreements, the arbitration agreements would not be enforced against her.

Following this holding, the court continued to discuss arbitration agreements in insurance liquidation proceedings and their relationship with prior case law. The court made an effort to expressly overrule *Fabe v. Columbus Ins. Co.*, a case on which Pipoly heavily relied. The decision held that "where . . . private arbitration impinges upon a broad statutory scheme that invests sweeping powers in a state official, enforcement of arbitration ipso facto violates public policy." The decision focused on the policy

that insurance liquidators should be able to act without interference from other agencies. The court found that the public policy regarding a liquidator's broad power "defeats any general attitude of the courts favoring arbitration." The court found that a liquidator should never be compelled to arbitration against her will because that would interfere with the liquidator's powers and would adversely affect the insolvent insurer's assets.

The court also rejected an argument that the liquidator should be estopped from disavowing the arbitration agreements because the disavowal came too late. The decision refused to recognize the argument that a liquidator is subject to temporal limitations as to when she can disavow a contract. The decision also rejected the argument that the liquidator was seeking a declaration of her rights because the claims in Benjamin's lawsuit are not related to failures under the employment contracts, but rather breaches of fiduciary and statutory duties. Finally, the court reasoned that its decision is not violative of the FAA, contrary to the appellees' arguments, because the liquidators possessed the power to disavow any contract.

Frank C. Koranda, Jr., Notes, *On Hostile Ground: Ohio's Notice to Insolvent Insurance Companies with Arbitration Agreements*, 2 J. Disp. Resol. 493, 499-501 (2004).

In Nebraska, as in Ohio, a liquidator is granted broad statutory powers, including the power "[t]o enter into such contracts as are necessary to carry out the order to liquidate and to affirm or disavow any contracts to which the insurer is a party." § 44-4821(1)(m). Compare Ohio Rev. Code Ann. § 3903.21 (Anderson 2002) (employing essentially identical language). Section 44-4821 provides further, in subsection (3):

> The enumeration in this section of the powers and authority of the liquidator shall not be construed as a limitation upon him or her nor shall it exclude in any manner his or her right to do such other acts not in this section specifically enumerated or otherwise provided for as may be necessary or appropriate for the accomplishment of or in aid of the purpose of liquidation.

"The purpose of the Nebraska Insurers Supervision, Rehabilitation, and Liquidation Act is to protect the interests of insureds, claimants, creditors, and the public with minimum interference with the normal prerogatives of the owners and managers of insurers," and the act "shall be liberally construed to effect the purposes enumerated . . . and shall not be interpreted to limit the powers granted the director by other provisions of the law." § 44-4801.

With regard to arbitration, Nebraska statutes provide that "[a] written agreement to submit any existing controversy to arbitration is valid, enforceable, and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract." Neb. Rev. Stat. § 25-2602.01 (Supp. 2005). The Nebraska Supreme Court has held that arbitration is purely a matter of contract. *Cornhusker Internat. Trucks v. Thomas Built Buses*, 263 Neb. 10, 637 N.W.2d 876 (2002). The Supreme Court has further held that a party cannot be required to submit a dispute to arbitration unless he or she has agreed to do so. *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996), *disapproved on other grounds, Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004). When considering a motion to stay litigation in favor of arbitration, a court must first determine whether an agreement to arbitrate exists and then decide whether the dispute before it arises under the agreement and is therefore subject to arbitration. *Id.* Courts inherently possess the power to stay proceedings when required by the interests of justice, and the decision of whether to grant a motion to stay is vested in the discretion of the trial court. *Id.* In making its decision to stay proceedings, a trial court is to balance the competing needs of the parties, taking into account, among other things, the interest of the courts, the probability that the proceedings will work a constitutional violation on the movant, the presence or absence of hardship or inequity, and the burden of proof. *Id.*

In *Benjamin v. Pipoly*, 155 Ohio App. 3d 171, 800 N.E.2d 50 (2003), the Ohio Court of Appeals concluded that in a case in which the party resisting arbitration is not a signatory to any written agreement to arbitrate, a presumption against arbitration arises. In that case, the court concluded that because neither

the appellant nor her predecessor signed the agreements relied upon by the appellees, a presumption against arbitration existed. The court further concluded that the appellees had not and could not sufficiently rebut the presumption, especially in light of the policy considerations contained within the Ohio statutes, which vested broad powers in both liquidators and the courts. The *Benjamin* court stated:

> A liquidator emanates from an order of the court and acts as an arm or extension of the court. A liquidator is appointed to perform specific functions, including preserving and maximizing the value of the insolvent insurer and protecting the interests of both those with direct pecuniary connections to the insurer and the general public. The liquidator must have freedom of action to do those acts most beneficial in achieving her objectives. Within this demesne, the liquidator may affirm or disavow the rights and obligations of the interest with which she is charged, and it would be inconsistent to compel arbitration against her when such an obligation predates her appointment.
>
> Thus we hold that when a liquidator is appointed by court order, as in the instant case, she is not automatically bound by the pre-appointment contractual obligations of the insurer. To be so bound, the liquidator must affirmatively indicate her election to be responsible for the prior obligations of the former operators. Since appellant was not a party to appellees' employment agreements or the assignment thereof and was not a party to any of the mutual agreements to arbitrate, and because there is nothing in the record to demonstrate that she adopted any of these agreements and expressly assumed the liabilities contained therein, the arbitration provisions within these agreements may not be enforced against her.

155 Ohio App. 3d at 182-83, 800 N.E.2d at 58-59.

In the present case, we agree, as did the district court, with the *Benjamin* court's holding that when a liquidator is appointed by court order, such liquidator is not automatically bound by the preappointment contractual obligations of the insurer. Section 44-4821(1)(m) provides that a liquidator shall have the power "to affirm or disavow any contracts to which the insurer is a

party." The Liquidator in the present case is not seeking to enforce the agreements; but instead, he is disavowing them, which is one of his express powers. There is nothing in the record to indicate that the Liquidator adopted any of the agreements or expressly assumed the liabilities contained therein. To allow Scheiner to have her action " 'decided privately and separately from [her] fellow officers when the [L]iquidator has disavowed the [agreements] is contrary to the interests of insureds, claimants, creditors, and the public generally.'" See *Benjamin v. Pipoly*, 155 Ohio App. 3d at 61, 800 N.E.2d at 185, citing *Covington v. Lucia*, 151 Ohio App. 3d 409, 784 N.E.2d 186 (2003). We conclude, as did the district court, that the arbitration agreements at issue are not binding on the Liquidator. We further conclude that the district court properly denied Scheiner's motion to compel arbitration. The district court clearly balanced the competing needs of the parties and took into account the interest of the courts, the presence or absence of hardship on the parties, and other factors. See *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996), *disapproved on other grounds, Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004). The decision to deny Scheiner's motion to compel arbitration was well within the district court's discretion. Scheiner's assignment of error is without merit.

Scheiner also asserts that the district court erred in finding that she waived her right to compel arbitration. Given our resolution of Scheiner's first assignment of error, we need not consider Scheiner's second error, since its resolution is not necessary to adjudicate the case and controversy before us. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005).

## CONCLUSION

The district court did not err in holding that the Liquidator was not bound by the arbitration agreements or in denying Scheiner's motion to compel arbitration.

AFFIRMED.